453 A.2d 1031

**John A. LAVIN and Joanne Lavin, his wife, Appellants,**

**v.**

**Philip MYLECRAINE and Pearl Mylecraine, his wife, and MTD Products, Inc.**

Superior Court of Pennsylvania.

Argued April 22, 1982.

Filed Dec. 17, 1982.

Frank N. Gallagher, Doylestown, for appellants.

Frederick E. Smith, Doylestown, for appellees.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WICKERSHAM, Judge:

This is an appeal from an order and judgment of the lower court which denied a petition to add damages for delay to a verdict pursuant to Pa.R.C.P. No. 238. The pertinent facts are as follows.

On May 21, 1977, appellant John A. Lavin was driving his automobile on Route 202, opposite the premises of Howard's Antiques in Buckingham Township, Bucks County, when he was struck in the left eye by an object propelled by a lawnmower being operated by Philip Mylecraine as he mowed the lawn at the antique store. John A. Lavin lost the use of his left eye as a result of the accident. The Lavins filed a complaint in trespass against Philip Mylecraine; Pearl Mylecraine, the owner of Howard's Antiques; and also against MTD Products, Inc., the manufacturers of the mower, on May 14, 1979.

On July 14, 1981, the Mylecraines offered $30,000 to the Lavins in exchange for a joint tortfeasor's release, which offer was accepted. MTD made an oral offer of settlement of $15,000, which the Lavins rejected. A trial was held before Judge William H. Rufe, III, and a jury; a verdict of $37,000 was returned in favor of the Lavins on July 16, 1981. Comparative negligence was apportioned at ninety percent (90%) on MTD and ten percent (10%) on the Mylecraines.

The Lavins then filed a petition for damages for delay alleging, *inter alia,* that MTD had made no written offer of settlement prior to the verdict and was, therefore, pursuant to Pa.R.C.P. No. 238, liable for an additional $7,831.79 in delay damages. The trial court issued an order denying the delay damages claim because the $37,000 jury verdict did not exceed one hundred twenty-five percent (125%) of the $30,-000 previously accepted by the Lavins in settlement of their claims against the Mylecraines. The Lavins filed a motion for reconsideration of the order denying damages for delay, which was denied by the lower court. Judgment was subsequently entered.

The Lavins frame the first question involved as follows:

A. When a plaintiff recovers a verdict against joint tortfeasors A and B after having settled with A, is he entitled to delay damages under Rule 238 from B who made no written offer prior to verdict?

Brief for Appellants at 2.

Pa.R.C.P. No. 238 states, in pertinent part, as follows:

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court . . . shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

. . . .

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

The release agreed to by the Lavins and the Mylecraines, by its terms, exonerated the Mylecraines from *any* liability for delay damages. Even if, hypothetically, the Mylecraines' offer of $30,000 in settlement of the Lavins' claim had been rejected by the Lavins, the Mylecraines would have been exonerated from any more damages for delay attributable to the period *after* the offer was made as long as the offer was kept open until the commencement of trial since the offer

was written, provided for prompt cash payment in a specified sum and the Lavins did not recover more than 125% of the offer in the jury award: the Mylecraines would still, however, owe damages for delay attributable to the time period before the offer was made. MTD made no offer in conformance with Rule 238(e) but, nevertheless, seeks to take advantage of the Mylecraines' conforming offer and avoid the payment of delay damages attributable to the period after the date of the Mylecraines' offer.

In *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), the Supreme Court of Pennsylvania noted that Pa.R.C.P. No. 238 "clearly reflects a primary desire to encourage pre-trial settlement . . . . Undeniably, this rule serves to compensate the plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts." *Id.*, 496 Pa. at 59, 436 A.2d at 151.

The effort to encourage pre-trial settlement and reduce congestion in the courts would be discouraged if we were to toll the running of delay damages against MTD as of the date of the Mylecraines' offer. If we were to interpret Rule 238 as MTD suggests, once an offer in conformance with the Rule was made by any defendant the remaining defendants would lose the incentive to settle provided by the accrual of more delay damages beyond the date of the offer.

MTD cites *Daugherty v. Hershberger*, 386 Pa. 367, 126 A.2d 730 (1956), which interprets the Uniform Contribution Among Tortfeasors Act, Act of July 19, 1951, P.L. 1130, 12 P.S. § 2082 et seq., for the proposition that a non-settling defendant, who proceeds to trial and suffers an adverse verdict, is to be granted the benefit of an overly generous settlement paid by a co-defendant before trial. *Daugherty* concerns the liabilities of defendants with respect to a jury verdict, however, not the accrual of delay damages. Both *Daugherty* and the Uniform Contribution Among Tortfeasors Act are inapplicable to our present case as neither

considers the concern for alleviating court congestion held so central to Rule 238 in *Laudenberger.*

■ The Mylecraines' offer does not toll the accrual of delay damages against MTD.

The second question presented by the Lavins relates to the date from which delay damages begin to accrue.

Section (a) of Rule 238 provides that delay damages shall be added to the amount of compensatory damages awarded in the verdict of a jury in an action for bodily injury, death or property damage. While section (e) of Rule 238 provides that a conforming settlement offer will toll the accrual of delay damages beyond the date of the offer, the offer does not eliminate such delay damages as have accrued to that point.

In order to determine the date from which delay damages begin to accrue we look to section (f) of Rule 238 which states:

> If an action is pending on the effective date of this rule, or if an action is brought after the effective date on a cause of action which accrued prior to the effective date, damages for delay shall be computed from the date plaintiff files the initial complaint or from a date one year after the accrual of the cause of action, or from a date six (6) months after the effective date of this rule, whichever date is later.

■ The effective date of Rule 238 was April 15, 1979. The Lavins' cause of action accrued on, or soon after, the date of the accident, May 21, 1977. Their complaint was filed on May 14, 1979. As October 15, 1979, the date six months after the effective date of the Rule, is the latest of the possible alternatives under section (f), it is the applicable date for determining the starting point for delay damages in this case.

In summary, the Lavins are entitled to delay damages from MTD. The Mylecraines offer of settlement did not toll the accrual of delay damages against MTD.

570

That portion of the judgment and the order which deny delay damages are reversed. The case is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.