498 A.2d 1351

**Dawn BACIOTTI, Carmen Baciotti and Melanie Baciotti, his wife**

**v.**

**Michael V. SIMMONS and Strasburg Township.**

**Appeal of Dawn BACIOTTI.**

Superior Court of Pennsylvania.

Argued April 24, 1985.

Filed Sept. 18, 1985.

24

Soren P. West, Lancaster, for appellant.

Richard H. Wix, Harrisburg, for Simmons, appellee.

Sharon D. Hyde, Lancaster, for Strasburg, appellee.

Before SPAETH, President Judge, and CAVANAUGH, BROSKY, ROWLEY, WIEAND, McEWEN, DEL SOLE, BECK and TAMILIA, JJ.

WIEAND, Judge:

The issue in this appeal concerns the application of Pa.R. C.P. 238 to a verdict against joint tortfeasors where one of them settled prior to trial and took in exchange a joint tortfeasor's release.

On January 23, 1980, Dawn Baciotti[1] commenced an action against Michael V. Simmons and Strasburg Township to recover damages for personal injuries sustained in an automobile accident occurring in Lancaster County on December 13, 1978. On March 1, 1982, Strasburg Township made a written offer to settle Baciotti's claim for $50,-000.00, its policy limits, in exchange for a joint tortfeasor's release, but Baciotti rejected the offer. Simmons, on March 6, 1982, offered to pay Baciotti $100,000.00 if she would execute a joint tortfeasor's release in his favor. This offer was accepted. Although Strasburg Township's offer of $50,000.00 was not revoked prior to trial, Baciotti continued to reject it. On April 27, 1982, following trial, a jury returned a verdict for Baciotti, fixed her damages at $150,-000.00, and apportioned negligence as follows: Baciotti—10%; Simmons—40%; and Strasburg Township—50%. Baciotti then filed a petition to mold the verdict. Included was a request for delay damages pursuant to Pa.R.C.P. 238. The trial court heard argument and thereafter awarded delay damages against Strasburg Township in the amount of $7,901.37.[2] This was computed on $35,000.00, which was the amount of the verdict that Strasburg Township was required to pay ($135,000.00 less $100,000.00 already paid

1. Also named as plaintiffs were Carmen Baciotti and Melanie Baciotti, but their claims were dismissed at trial for reasons not relevant to the present appeal.

2. The trial court relied upon the jury's finding that Strasburg Township was liable for $75,000.00 to determine that the Township's offer of $50,000.00 was inadequate for purposes of tolling its liability for delay damages. In calculating the amount of delay damages, however, the trial court used the figure of $35,000.00 which the Township was actually required to pay. The court, therefore, required the Township to pay 10% of $35,000.00 for each year elapsing after the filing of the complaint until the date of the verdict.

by Simmons). The court refused to assess delay damages against Simmons. Baciotti appealed.

■ Pa.R.C.P. 238 provides in pertinent part as follows:
**Rule 238. Award of Damages for Delay in an Action for Bodily Injury, Death or Property Damage**

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 et seq., shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action whichever is later, up to the date of the award, verdict or decision.

.        .        .        .        .

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

The rule was adopted by the Supreme Court in 1978 "as an extension of the compensatory damages necessary to make a plaintiff whole." *Feingold v. Southeastern Pennsylvania Transportation Authority,* 339 Pa.Super. 15, 31, 488 A.2d 284, 293 (1985), quoting *Laudenberger v. Port Au-*

*thority of Allegheny County,* 496 Pa. 52, 66, 436 A.2d 147, 154 (1981), *appeal dismissed sub nom., Bucheit v. Laudenberger,* 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982). An award of delay damages "serves to compensate the plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts." *Greenspan v. United Service Automobile Association,* 324 Pa.Super. 315, 323, 471 A.2d 856, 860 (1984), quoting *Laudenberger v. Port Authority of Allegheny County, supra* 496 Pa. at 59, 436 A.2d at 151. By providing that delay damages are tolled after a written offer of settlement has been made which, in retrospect, is eighty percent or more of the ultimate verdict, the rule attempts not only to encourage pre-trial settlement but to foster settlement at an early date. *Laudenberger v. Port Authority of Allegheny County, supra,* 496 Pa. at 59, 436 A.2d at 151. Defendants are given an opportunity to protect themselves from exposure to pre-judgment interest by making a reasonable offer of settlement in good faith and in a timely fashion. *Id.,* 496 Pa. at 59–60, 436 A.2d at 151. Accord: *Krupa v. Williams,* 316 Pa.Super. 408, 423, 463 A.2d 429, 436 (1983).

The purposes to be accomplished by Pa.R.C.P. 238 provide us with guidelines in our effort to determine liability for delay damages and the amount payable in joint tortfeasor situations. We must also give consideration to the provisions of the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S. § 8321 et seq. Pursuant to this Act, where one of two joint tortfeasors has made payment to the plaintiff and has taken a release providing for pro rata reduction of damages recoverable against the other tortfeasor, the tortfeasor who has not settled, in making satisfaction of plaintiff's verdict, is entitled to the benefit of any overpayment made by the settling tortfeasor. 42 Pa.C.S. § 8326; *Daugherty v. Hershberger,* 386 Pa. 367, 126 A.2d 730 (1956); *Mong v. Hershberger,* 200 Pa.Super. 68, 186 A.2d 427 (1963).

In this case, the release executed by Baciotti discharged Simmons from any duty to pay damages for delay. Specifically, the written agreement released him "from all claims, damages, actions and suits of whatsoever kind, known or unknown, prior to and including the date hereof...." This evidenced an intent by the parties to effect a total settlement and release Simmons from any and all claims for damages of any kind. The release included liability for delay damages under Pa.R.C.P. 238.

In order to assess the liability of Strasburg Township for delay damages, it will be necessary to examine three distinct phases of the pre-verdict negotiations. The first phase consists of the period from the commencement of Baciotti's action until the time when Strasburg Township made an offer of $50,000.00. The second phase of settlement negotiations is the period between the time this first offer was made and the time when Baciotti accepted Simmons' offer of $100,000.00. The third period includes the time between Baciotti's acceptance of $100,000.00 from Simmons and the time of the verdict.

■ For the period following the filing of the complaint on January 23, 1980 and continuing until March 1, 1982, when Strasburg Township made its offer, Baciotti was clearly entitled to recover damages for delay from Strasburg Township. Pa.R.C.P. 238(a). During this period no offers of settlement were made by either defendant.[3] The delay damages recoverable from Strasburg Township during this period are computed on the amount of the verdict at a rate of ten percent per annum. Pa.R.C.P. 238(a)(1). The total verdict recovered by Baciotti, however, must be apportioned in the same manner in which the jury apportioned liability. "It would be unrealistic to require each defendant to offer nearly the full amount of damages ultimately recovered in an action, where the amount finally attributed

3. During this period Simmons would also have been liable for delay damages if it had not been released therefrom as a part of its settlement with Baciotti. See: *Lavin v. Mylecraine,* 307 Pa.Super. 564, 567–568, 453 A.2d 1031, 1032 (1982).

to each defendant is only a percentage of the total [verdict]...." *Richardson v. LaBuz*, 81 Pa.Cmwlth. 436, 458, 474 A.2d 1181, 1196 (1984). Thus, the liability of Strasburg Township is computed on the amount of $75,000.00, the proportionate part of the total verdict assessed against the Township.

■ Delay damages must be measured in the same manner after the Township made an offer of $50,000.00 and before Simmons settled for $100,000.00. The Township's offer was inadequate to terminate its liability for delay damages. The amount of its liability, i.e., $75,000.00, as found by the jury, exceeded its offer by more than 125 percent. This offer, therefore, did not terminate the Township's liability for Rule 238 damages. See: Pa.R.C.P. 238(e).

■ When we examine the findings of the jury and apply them retrospectively to the absence of adequate settlement negotiations prior to March 6, 1982, we see that Strasburg Township's liability during this period of time was $75,-000.00. Both the adequacy of its offer and the computation of delay damages, therefore, must be measured against this amount of $75,000.00. This was the Township's liability, as found by the jury, and this is the amount which must be used to measure the reasonableness of the demands made by the plaintiff and the offers made by the Township during negotiations.

After Simmons had settled for $100,000.00, however, there was necessarily a change in the focus of negotiations between Baciotti and Strasburg Township. Both parties knew that under existing law the Township was now entitled to a credit for any overpayment made by Simmons. Their continuing negotiations, therefore, were controlled primarily by the amount which Strasburg Township would be required to pay Baciotti. To expect that the parties would thereafter negotiate with respect to the amount of a possible verdict, without considering the actual amount which would have to be paid, would be wholly unrealistic.

In this case, Baciotti's recovery was fixed by the jury at $135,000.00. Because Simmons had already paid $100,-000.00, the only amount which Strasburg Township was liable to pay was $35,000.00. On March 1, 1982, the Township had made an offer of $50,000.00. This offer was made in writing and was continued in effect until the commencement of trial. It is clear that the offer was greater than the Township's liability to pay damages to Baciotti. Strasburg Township's liability for Rule 238 damages, therefore, was terminated on March 6, 1982. Thereafter, its offer had continued to remain open for an amount in excess of its liability as determined by the jury and reduced by application of the Uniform Contribution Among Tort-feasors Act. See: Pa.R.C.P. 238(e). By comparing the township's settlement offer to the ultimate amount of the verdict, as reduced by the amount which Baciotti had already received from Simmons, the dual purposes of Pa.R.C.P. 238 are best served. Baciotti's compensation for the deprivation of use of money withheld from her was tolled after the settlement with Simmons was complete because the continuing offer of $50,000.00 was reasonable in light of the jury's findings. Baciotti's rejection of it, in view of the jury's findings, was unreasonable.

We conclude, for these reasons, that Strasburg Township is liable for delay damages from January 23, 1980 to March 6, 1982. Those damages must be computed at the rate of ten percent per annum on the sum of $75,000.00.

Remanded for the entry of judgment consistent with the foregoing opinion. Jurisdiction is not retained.

CAVANAUGH, J., files a dissenting opinion in which SPAETH, President Judge, and McEWEN and BECK, JJ., join.

CAVANAUGH, Judge, dissenting:

I agree with the majority that the non-settling defendant, Strasburg Township, must pay delay damages under Rule 238 computed upon $75,000.00. I disagree, however, that its responsibility should be terminated as of March 6, 1982,

the date of the plaintiff's settlement with defendant, Simmons. Rather, I believe that Strasburg Township remains liable for delay damages up to the date of the jury's verdict.

The primary purpose of Rule 238 is "to alleviate delay in the disposition of cases, thereby lessening congestion in the courts." *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 59, 436 A.2d 147, 151 (1981). More specifically, the Rule is designed to foster the *early* resolution of disputes, as evinced in drafter's comments:

> Statistics show that only 38 percent of these cases ever go to trial and 25 percent ever go to verdict. Thirty-eight percent are settled without going to trial. Some are settled through pretrial conciliation techniques, but in too many cases meaningful negotiations commence only after a trial date is fixed or on the courthouse steps or in the courtroom, thus leading to delay in the disposition of cases and congestion of the courts. *The present practice provides no incentive for early settlement.*

8 Pa.Admin.Bull. 2668 (1978) (emphasis added). In order to accomplish this goal of early settlement, the Rule seeks to penalize defendants who refuse to settle through the imposition of delay damages, and to encourage plaintiffs to accept reasonable settlement offers by cutting off the accrual of those delay damages.

I seriously question whether the majority's application of Rule 238 where one defendant has settled furthers the espoused goal of prompting the seasonable disposition of cases. Under the majority's holding, the reasonableness of a non-settling defendant's offer to settle is determined in light of that defendant's adjudged share of the verdict less any overpayment by a settling defendant. If the non-settling defendant's offer is eighty percent or more of the adjusted figure, then according to the majority, the non-settling defendant's delay damage liability is terminated as of the date of the accepted settlement.

My concerns with this result are several. Under the majority's approach, delay damages may accrue against a non-settling defendant up until the date that the plaintiff

accepts the over-generous settlement offer of another defendant.[1] Because of this, it will be in the plaintiff's best interest to delay acceptance of the overpaying settlement offer until the date of trial, thereby allowing Rule 238 damages to accumulate against the non-settling party.[2] The plaintiff does not risk losing the opportunity to settle because under the terms of Rule 238, in order to avoid delay damages, the (settling) defendant must continue the offer in effect until the commencement of trial. Therefore, the majority's rule may well have the effect of delaying the disposition of cases rather than prompting their early resolution as desired by the drafters of Rule 238.

My second concern is perhaps more philosophical. It is apparent from the Rule and its comments that the drafters sought to prompt *all* defendants to engage in reasonable settlement negotiations. *Cf.* Rule 238(c) ("damages for delay shall be added to the award, verdict or decision against all defendants found liable, no matter when joined in the action"). The majority holds that a non-settling defendant is entitled to the benefit of any overpayment by the settling defendant for Rule 238 purposes. This troubles me, for as Justice Musmanno so eloquently phrased it in a slightly different context, "[the non-settling defendant] seeks to benefit from a negotiation in which he played not the slightest part. He wants to travel on a train for which he purchased no ticket, he seeks to mount a horse which he did not feed, he desires to ride on a merry-go-round which,

1. The non-settling defendant is not given credit for any overpayment by a settling co-defendant until the settlement offer is accepted. *See* 42 Pa.C.S.A. § 8326 (1982) ("A *release* by the injured person of one joint tort-feasor ... reduces the claim against the other tort-feasors.... (emphasis added)). The date of the offer is therefore irrelevant as to the non-settling party.

2. Of course, the non-settling defendant may limit the accrual of delay damages by himself "mak[ing] a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continu[ing] that offer in effect until commencement of trial ... and the plaintiff does not recover by award, verdict or decision ... more than 125 percent of the offer...." Rule 238(e). The "verdict" against which the offer is compared in my hypothetical case is not reduced even under the majority rule because there has been no overpayment by the other defendant.

so far as he was concerned, might never have been built." *Daugherty v. Hershberger*, 386 Pa. 367, 376, 126 A.2d 730, 735 (1956) (Musmanno, J., dissenting). It is not difficult to imagine the situation where, applying the majority rule, a non-settling defendant would be partially absolved of delay damage liability even though he made no offer of settlement at all. Such a turn of events would be present where the settling defendant, either through miscalculation or generosity, pays a settlement which satisfies the total judgment returned by the jury against all defendants. Because the majority would have the overpayment inure to the benefit of the non-settling defendant(s), that defendant need not make *any* offer of settlement to avoid delay damages. Surely, the drafters of Rule 238 could not have intended this result, for rather than relieving crowded dockets, such a case will more likely proceed to trial.

Finally, I think that it is important to note that the non-settling defendant's ultimate financial responsibility is not diminished by a settling co-defendant's overpayment. The Uniform Contribution Among Tort-feasors Act has been construed

> to permit a right of contribution on the part of a settling tort-feasor, when by the settlement, the settling tort-feasor pays more than his share of the total liability ultimately found. In that situation the rule would thus allow the settling tort-feasor to seek contribution from a non-settling tort-feasor to the extent that the amount paid by the settling tort-feasor exceeds his percentage of negligence, but in no event more than the percentage of negligence attributable to the non-settling tort-feasor.

*Charles v. Giant Eagle Markets*, 330 Pa.Super. 76, 82, 478 A.2d 1359, 1362 (1984) (footnote omitted). *See also Mong v. Hershberger*, 200 Pa.Super. 68, 186 A.2d 427 (1962). Thus, for example, in the instant case defendant Simmons may have a right of contribution against Strasburg Township for $40,000.00. Because of this outstanding liability, I do not think it is realistic to expect and require, as the majority

suggests, that the non-settling defendant will negotiate only with respect to its accountability to the plaintiff.

The language of Rule 238(e) is specific. A defendant may avoid or diminish delay damage responsibility by making a written offer of settlement that is not exceeded by an award of the arbitrators, verdict of a jury, or decision of the court in a nonjury trial, of more than 125% of the offer. To read into this straightforward rule a formula which considers settlements made by joint defendants unnecessarily and improvidently complicates the function and objective of Rule 238. It is enough to test the non-settling defendant's offer against his judicially determined share of responsibility.[3, 4]

3. The majority reasons that "we must also give consideration to the provisions of the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S. § 8321, et seq." Majority op. at 5. This Act was originally adopted by the legislature in 1951 and later reenacted effective June 27, 1978. Rule 238 on the other hand was adopted after the UCATA on November 20, 1978. It is therefore particularly noteworthy that Rule 238 itself does not provide that the verdict be reduced by co-defendants' overpayments when applying the 125% rule.

Additionally, a panel of this court has previously ruled that decisions under the Uniform Contribution Among Tortfeasors Act and the Act itself are inapplicable to Rule 238 claims for delay damages because "neither considers the concern for alleviating court congestion held so central to Rule 238 in *Laudenberger*." *Lavin v. Mylecraine*, 307 Pa.Super. 564, 569, 453 A.2d 1031, 1033 (1982).

4. I acknowledge that calculating delay damages based on the unreduced verdict rendered against the non-settling defendant may result in something of a windfall to plaintiffs who have settled part of their claim since they have not been deprived of an ability to utilize at least a portion of the funds rightfully due them. However, the alternative of allowing the non-settling defendant to benefit from his co-defendant's overpayment fails to serve the principal goal of Rule 238 which is to encourage the early disposition of cases. *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. at 56, 436 A.2d at 151. By allowing the overpayment to inure to the benefit of the non-settling defendant, that defendant's delay damage liability is reduced and, in turn, so is the incentive for him to offer a reasonable settlement. Moreover, the drafters of Rule 238 recognized that certain inequities are necessarily inherent in the Rule. For example, the drafters made the following comment:

Fourth, recognizing that additional defendants may often be involved, and in some cases may even be joined after the initial one-year period has expired and damages for delay begin to accrue, an additional defendant who is joined at a late date must neverthe-

For these reasons, I would affirm the order of the trial court in favor of settling defendant, Simmons. I would reverse and remand the case for the imposition of delay damages against Strasburg Township calculated on $75,-000.00 for the period from January 23, 1980 until April 27, 1982, the date of the verdict.

SPAETH, President Judge, and McEWEN and BECK, JJ., join in this dissenting opinion.

less protect himself by a written offer of settlement under subdivision (e). While there may be some equities in favor of an additional defendant who is joined at a much later date as to when damages for delay should accrue, the drafting of a rule to incorporate permutations and combinations of multiple defendant practice, depending upon the time at which they are joined and the nature of their alleged liability, introduces uncertainties in the application of the rule. The additional defendant can protect himself by making an adequate written offer of settlement.

Pa.Admin.Bull. 2668 (1978). Similarly, in the present situation, I do not believe that a possible windfall to the plaintiff is enough to justify the construction of the Rule espoused by the majority. I would opt for the most straightforward application of Rule 238, thereby avoiding any uncertainty in the calculation of delay damages.