**Zawadski v. Trivellini**

*Martin Ghen,* for plaintiff.
*Philip Ryan,* for defendants.

KELTON, *J.,* March 27, 1986—Before us is plaintiff's motion to mold a jury verdict of $40,985.36 to include delay damages provided by Pa.R.C.P. 238. The question before us is whether defendants' *oral* offer of settlement, which is not in strict conformance with Rule 238, nevertheless tolls the application of delay damages. Plaintiff has acknowledged in his pretrial memorandum that defendants made an oral offer. For the reasons that follow, we grant plaintiff's petition and add delay damages of $7,049.48.

Rule 238 provides for the addition of delay damages to a jury verdict to be calculated at 10 percent per annum from the date the complaint was filed, or one year after the cause of action accrued, whichever is later. However, a defendant may toll the running of delay damages if, before trial, he makes a: (1) *written* offer of settlement; (2) in a specified sum; (3) providing for prompt cash payment; (4) the offer continues in effect until the start of trial but is not accepted; and (5) plaintiff does not recover more than 125 percent of the offer. Pa.R.C.P. 238(e).

Here, plaintiff commenced this action by the filing of a complaint on April 21, 1984 to recover for personal injuries and property damage which he sustained as a result of a motorcycle accident which occurred on June 10, 1983. On February 26, 1986,

the jury returned a verdict in favor of plaintiff in the amount of $44,549.30. The jury also found 8 percent of plaintiff's damages to have been attributable to plaintiff's own negligence, which would reduce the verdict to $40,985.36. Plaintiff now seeks delay damages in the amount of $7,049.48, computed on the $40,985.36 figure.

All parties agree that defendant has made no written offer of settlement to plaintiff. However, defendants maintain that delay damages should not be assessed against them because they made an *oral* settlement offer in the amount of $37,000 on September 1, 1984, which was confirmed by plaintiff's pretrial memorandum.* We disagree.

In Reilly v. Southeastern Pennsylvania Transportation Authority, 330 Pa. Super. 420, 476, 479 A.2d 973, 1002 (1984), aff'd as to delay damages, rev'd in part on other grounds, 507 Pa. 204, 234, 489 A.2d 1291, 1306 (1985), the Superior Court held that there was "no question" that the defendant, SEPTA, had not made an offer of settlement within the terms of Rule 238(e) because SEPTA's offer was oral, not written. Similarly, in Lavin v. Mylecraine, 307 Pa. Super. 564, 568, 453 A.2d 1031, 1032 (1982), the court found that a defendant who made an oral settlement offer rejected by plaintiff made "no settlement offer in conformance with 238(e)." Finally, in Schenk v. Chen, 25 D.&C.3d 254 (1981), aff'd 301 Pa. Super. 644, 447 A.2d 667 (1982), counsel for both parties agreed that defendant had made an oral offer of settlement which was rejected

---

*Paragraph 9 of plaintiff's pretrial memorandum states:

"9. Plaintiff's present settlement to [sic] demand is $68,000 which is negotiable. The defendant's settlement offer is the sum of $37,000 which was offered as of September 1, 1984."

by plaintiff, and which, if written, would have tolled the assessment of delay damages. However, because no written offer was presented to plaintiff, delay damages were assessed.

Rule 238 is clear on its face and expressly requires a written settlement offer, from defendant, to toll delay damages. Pa.R.C.P. 127(b) provides that:

"when the words of a rule are clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit."

We also note that plaintiff's pretrial memorandum, which mentions defendants' oral offer of settlement, would not meet all requirements of Rule 238. Specifically, plaintiff's memorandum is silent as to whether defendants' offer included a prompt cash payment and whether this offer would have continued in effect up until the commencement of trial. However, defendants argue in pages two and three of their opposing memorandum of law that there was no doubt in plaintiff's mind as to defendants' offer of settlement, and that plaintiff's counsel will "no doubt confirm" the subject matter of these settlement discussions.

We find no merit in this position. To require both plaintiff and plaintiff's counsel to offer evidence as to oral settlement negotiations would violate both the letter and the purpose of Rule 238. In Laudenberger v. Port Authority of Allegheny County, 496 Pa. 52, 59, 436 A.2d 147, 151 (1981), the Supreme Court noted that Rule 238:

"clearly reflects a primary desire to encourage pretrial settlements . . . [and] alleviate delay in the disposition of cases, thereby lessening congestion in the courts." We do not see how a defendant could be encouraged to settle disputes if the factual issue surrounding an oral settlement offer could be litigated post trial, in court, after a hearing. Here, a

written offer, as required by Rule 238, would have vitiated the need for the instant dispute, and, tolled the application of delay damages.

Finally, we note that the purpose of Bucks County's Court Administrator's directive requiring a pretrial meeting between counsel, and a resulting pretrial memorandum, was intended to resolve disputes early, narrow the issues pretrial, and permit both sides to exchange information and present the case to the trial judge freely and in an informal atmosphere. To permit defendant to bind a plaintiff to plaintiff's own interpretation of defendant's bargaining position would inhibit negotiations between the parties.

## NISI ORDER

And now, this March 27, 1986, the jury award of February 26, 1986, is hereby molded as follows:

1. Delay damages in the amount of $7,049.48 are added and a total verdict of $48,034.84 is hereby entered.

2. Leave is granted to defendants to file a motion for post trial relief from this order pursuant to Pa.R.C.P. 227.1 within 10 days.