512 A.2d 1266

**Rita KORN, Appellant,**

v.

**CONSOLIDATED RAIL CORPORATION and Bernard Kirshbaum, Appellees.**

**Rita KORN**

v.

**CONSOLIDATED RAIL CORPORATION and Bernard Kirshbaum.**

**Appeal of CONSOLIDATED RAIL CORPORATION.**

Superior Court of Pennsylvania.

Argued April 9, 1986.

Filed July 22, 1986.

Sarah M. Thompson, Philadelphia, for appellant (at 2202) and appellee (at 2375).

Marilyn Monaco, Broomall, for appellee (at 2202) and appellant (at 2375).

Before CIRILLO, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

The principal issue in this appeal is whether a non-settling defendant whose causal negligence has been found to be 35% should be required to pay Rule 238[1] damages on the total amount of damages awarded to the plaintiff or only upon the portion thereof which the non-settling defendant is required to pay. The trial court determined the amount of the delay damages by reference to the portion of the award which the non-settling defendant was required to pay. We affirm.

On June 7, 1978, Rita Korn was injured when the automobile in which she was riding as a passenger collided with a train owned and operated by Consolidated Rail Corporation (Conrail). She filed an action in trespass against Conrail and also against Dr. Bernard Kirshbaum, who was the driver of the automobile in which she was riding. The claim against Dr. Kirshbaum was settled prior to trial. On June 11, 1985, a jury returned a verdict finding Kirshbaum's negligence to be 65% and Conrail's negligence to be 35%. The jury awarded damages to Korn in the amount of $150,000, of which Conrail's proportionate share was $52,-500. Korn filed a petition in the trial court requesting that delay damages be awarded against Conrail on the entire amount of the damages as found by the jury. The trial court denied the request and directed Conrail to pay delay damages on the proportionate part of the verdict which it was required to pay. Korn appealed.

Rule 238 of the Pennsylvania Rules of Civil Procedure provides:

> (a) Except as otherwise provided in subdivision (e), in an action seeking monetary relief for bodily injury ... the court ... shall
>
> > (1) add to the amount of compensatory damages ... in the verdict of a jury ... damages for delay at ten (10)

---

1. Pa.R.C.P. 238.

percent per annum, not compounded, which shall become part of the ... verdict ...

. . . .

. . . .

(c) Except as provided in subdivision (e), damages for delay shall be added to the ... verdict ... against all defendants found liable....

. . . .

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash 'payment to the plaintiff and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by ... verdict ..., exclusive of damages for delay, more than 125 percent of the offer, the court ... shall not award damages for delay for the period after the date the offer was made.

The primary purpose of this rule is to encourage pre-trial settlements, thereby lessening congestion in the courts. See: *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 59, 436 A.2d 147, 151 (1981); *Hawthorne v. Dravo Corp.*, 352 Pa.Super. 359, 378, 508 A.2d 298, 308 (1986); *Richardson v. LaBuz*, 81 Pa.Cmwlth. 436, 458, 474 A.2d 1181, 1196 (1984). See also: *Rocco v. Johns-Manville Corp.*, 754 F.2d 110, 118 (3d Cir.1985); *Barris v. Bob's Drag Chutes & Safety Equipment*, 717 F.2d 52, 56 (3d Cir.1983). A secondary purpose of the rule is to award plaintiff compensation for the delay in receiving funds to which he or she is entitled. An award of delay damages "serves to compensate the plaintiff for the inability to use funds rightfully due him...." *Laudenberger v. Port Authority of Allegheny County, supra,* 496 Pa. at 59, 436 A.2d at 151; *Greenspan v. United Services Automobile Association,* 324 Pa.Super. 315, 323, 471 A.2d 856, 860 (1984).

In *Baciotti v. Simmons,* 346 Pa.Super. 23, 498 A.2d 1351 (1985), this Court was required to apply Pa.R.C.P. 238 to a verdict against joint tortfeasors where one of them had

settled prior to trial and had taken a joint tortfeasor's release. We there held, inter alia, as follows:

> The total verdict recovered by [the plaintiff] ... must be apportioned in the same manner in which the jury apportioned liability. "It would be unrealistic to require each defendant to offer nearly the full amount of damages ultimately recovered in an action, where the amount finally attributed to each defendant is only a percentage of the total [verdict]...." *Richardson v. LaBuz*, 81 Pa.Cmwlth. 436, 458, 474 A.2d 1181, 1196 (1984). Thus, *the liability of [the non-settling defendant] is computed on ... the proportionate part of the total verdict assessed against the [non-settling defendant].*

*Id.*, 346 Pa.Superior Ct. at 29–30, 498 A.2d at 1354 (emphasis added).

In *Rocco v. Johns-Manville Corp., supra,* the Court of Appeals was faced with precisely the same issue presented in the instant case. The Court of Appeals concluded that neither purpose of Rule 238 would be furthered by requiring a non-settling defendant to pay delay damages based on more than its proportionate share of the verdict. With regard to the secondary purpose of compensating plaintiff for the delay in receiving money to which he or she was entitled, the Court said: "It would be anomalous to award a plaintiff delay damages on money already received from the settling defendants. This would clearly represent a windfall not supported by any reasonable interpretation of the rule." *Rocco v. Johns-Manville Corp., supra* at 118. With respect to the other purpose for the rule, the Court observed that settlements would not be encouraged by penalizing a non-settling defendant for more than its share of ultimate liability. *Id.* The Court held that delay damages could properly be assessed against a non-settling defendant only for its proportionate share of the verdict. *Id.*

The trial court applied Rule 238 in the instant case consistently with the decided cases. This was the only fair and reasonable way in which the rule could be applied in cases such as this where liability was apportioned among

multiple defendants. The determination of the trial court, therefore, will be affirmed.

■ In a separate appeal, Conrail contends (1) that the trial court abused its discretion when it denied Conrail's "motion for judgment non obstante veredicto nunc pro tunc" without considering the alleged absence of "compelling evidence of negligence"; and (2) that the trial court erred when it permitted a witness to testify as an expert regarding the safe placing of railroad crossing devices. These issues, however, have not been preserved for appellate review.

Before the case was submitted to the jury, Conrail did not request a directed verdict. Moreover, after the verdict, Conrail did not file a motion for post-trial relief within ten days. On June 26, 1985, fifteen days after the verdict, Conrail filed a "motion for judgment non obstante veredicto nunc pro tunc." At no time did it file a posttrial request for a new trial.

Pa.R.C.P. 227.1(c) requires that a post-trial motion be filed within ten days after the verdict. Conrail concedes that its post-trial motion was not filed within the time constraints of this rule. In the absence of adequate explanation for its failure to file a timely post-trial motion, the trial court refused to consider its motion for judgment n.o.v. nunc pro tunc. We perceive therein no abuse of discretion. See: *Stokes v. Thiemann,* 296 Pa.Super. 112, 442 A.2d 322 (1982).

■ Similarly, Conrail's contention that the trial court erred by permitting expert testimony regarding the proper placement of crossing gates has been waived. This argument, if meritorious, would have required a new trial. Conrail concedes that it did not file a motion for new trial. A review of its motion for judgment n.o.v. nunc pro tunc, moreover, reveals that this issue was not raised in any manner in that motion. This issue, in short, was not raised post-trial in the trial court and is being argued for the first time on appeal. Where an evidentiary ruling has not been

properly preserved in the trial court, an appellate court will not consider the ruling for the first time on appeal. See: Pa.R.C.P. 227.1(b)(2); *Horton v. Appleby,* 333 Pa.Super. 375, 482 A.2d 615 (1984); *Daset Mining Corp. v. Industrial Fuels Corp.,* 326 Pa.Super. 14, 473 A.2d 584 (1984); *Durkin v. Equine Clinics, Inc.,* 313 Pa.Super. 75, 459 A.2d 417 (1983).

Finding no basis for disturbing the judgment entered in the trial court, the same is affirmed.