528 A.2d 173

James J. & Lois HUGHES

v.

GAF CORPORATION, et al.

Appeal of GAF CORPORATION.

James HUGHES and Lois Hughes, His Wife, Appellants,

v.

GAF CORPORATION, Pacor, Inc., Amatex Corporation

v.

KEENE INDUSTRIAL INSULATION, et al.

Superior Court of Pennsylvania.

Argued Feb. 24, 1987.

Filed June 16, 1987.

Martin Greitzer, Philadelphia, for GAF Corp., appellant (at 1452) and appellee (at 1521).

Stuart Agins, Philadelphia, for Hughes, appellants at (1521) and appellees (at 1452).

Before CIRILLO, President Judge, and TAMILIA and CERCONE, JJ.

CIRILLO, President Judge:

In 1976, appellee James Hughes brought suit against various asbestos manufacturers for personal injuries allegedly caused by exposure to asbestos. products. Lois Hughes, his wife, joined in the suit claiming loss of consortium. After a non-jury trial in 1984, a jury trial de novo was held before Judge Caesar of the Philadelphia Court of Common Pleas. The jury returned a verdict of $284,975 for James Hughes and $10,200 for Lois Hughes against defend-

ants GAF, Eagle-Picher, Keene, Owens-Corning Fiberglass, and Pittsburgh Corning. Since all of the companies except GAF had settled prior to the trial, Judge Caesar molded the verdict against GAF to the amount of $56,995 in favor of James Hughes and $2,040 in favor of Lois Hughes. Delay damages of 10% per annum from October 15, 1979 to September 17, 1984 were added to the verdict. Both plaintiffs and defendant GAF Corporation filed appeals.

James Hughes worked as a pipe insulator and coverer at the Atlantic Refinery from 1947 to 1962, at Allied Chemical from 1962 to 1965, and at the Philadelphia Naval Ship Yard from 1965 to 1975. He was exposed to the asbestos products of a number of manufacturers, including the appellant GAF.

After James Hughes left his job with disability pay, he worked briefly as an armored truck agent. He found, however, that he was physically unable to continue in this position. At trial he asserted that the disability caused by his exposure to asbestos prevented him from doing any work which he would otherwise be qualified to do. Furthermore, Hughes claimed that he became depressed because of his inability to work and because of his fear of cancer. He attributed his increased consumption of alcohol to this depression. These psychological problems along with the sleep problems created by his physical illness caused his marital relationship to deteriorate.

On appeal, GAF raises the following issues: (1) whether failure of a juror to truthfully answer a question during *voir dire* resulted in a tainted jury requiring a new trial; (2) whether the trial judge erred in not permitting cross-examination of plaintiffs on their complaint nor allowing plaintiffs' counsel's correspondence to be used as an admission; (3) whether the trial judge erred in failing to grant a continuance regarding a duly subpoenaed witness who failed to appear, and in failing to permit the use of the deposition of an unavailable witness; (4) whether the trial judge erred in permitting plaintiff's medical expert to testify beyond the scope of his report and in limiting examina-

tion of the medical experts; (5) whether the trial judge erred in striking plaintiff's testimony, failing to permit further questioning, permitting examination regarding fear of cancer, and allowing improper rebuttal evidence; (6) whether plaintiffs failed to prove damages and mitigation and the trial judge improperly instructed the jury on these issues; (7) whether the trial judge erred in failing to grant defendant's motion for a directed verdict; (8) whether the trial judge erred in excluding additional defendants from the verdict sheet when there was sufficient evidence to include them, and in failing to find liability as a matter of law; and (9) whether the trial judge erred in awarding delay damages. The first eight of these questions contain sixteen allegations of error which GAF discusses in the argument portion of its brief.

Judge Aldisert has stated that, "When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebutable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy." *United States v. Hart*, 693 F.2d 286, 287 n. 1 (3d Cir.1982) (quoting Aldisert, *The Appellate Bar: Professional Competence and Professional Responsibility—A View From the Jaundiced Eye of One Appellate Judge*, 11 Capital University Law Review 445, 458 (1982)).

Judge Caesar, at the end of his sixty-six page opinion in the instant case, noted that "the enormity of defendant's post-trial submission in this case is unjustified and unduly burdensome of the time of this court and of the appellate bench which must give it consideration." The nine questions in the instant case include seventeen allegations of error. We caution counsel against proceeding in this manner in the future. Nonetheless, we have given careful consideration to GAF's lengthy list of allegations and find that, except for the issue of damages, we affirm the other eight questions on the basis of the trial court opinion.

The ninth question raised by GAF corporation, as well as the cross-appeal filed by the Hugheses, deals with how delay damages under Pa.R.C.P. 238 should be awarded.

GAF claims that the defendant should be charged delay damages only for the delay which is in fact the fault of the defendant. In their cross-appeal, the Hugheses claim that the damages should be calculated on the full amount of the verdict rather than only that portion of the verdict that the losing defendant is responsible for. We will discuss these issues separately.

## A.

Under Rule 238, in any action seeking relief for bodily injury, death, or property damage, the court is to award delay damages of ten percent per annum to the winning plaintiff. The award is to be calculated from the time that the initial complaint is filed until the case is settled. The only grounds for denying this award to the plaintiff is if the plaintiff has turned down a settlement offer that is within 25 percent of the verdict. *See* Pa.R.C.P. 238. This blanket award of delay damages was based on the assumption that if the defendant did not offer an adequate settlement, all of the time elapsed from the filing of the case until the verdict was the fault of the defendant. *See Craig v. Magee Rehabilitation Center*, 512 Pa. 60, 66, 515 A.2d 1350, 1353 (1986).

In 1981, the Supreme Court, in reviewing Rule 238, stated that the purpose of the rule was to further "litigation in a meaningful way" by providing a "sanction against the defendant for the long delay between the commencement of the action and the trial." *Laudenberger v. Port Authority*, 496 Pa. 52, 58, 65, 436 A.2d 147, 151, 154 (1981). The Supreme Court further stated that Rule 238 fulfilled the court's "obligation to the legislature and to the public to effectuate prompt, expeditious trial and settlement of cases." *Laudenberger*, 496 Pa. at 61, 436 A.2d at 152.

Our Supreme Court has recently reaffirmed this rationale, but found that the award of delay damages to a winning plaintiff without a finding of fault denied due process to the losing defendant. *Craig* 512 Pa. at 65, 515 A.2d at 1353. The court, therefore, stated that it was suspending Rule 238 because

experience shows that the ends sought run too tight a gauntlet through Due Process, by denial of a forum to assess fault for the delay sought to be avoided. In short, Rule 238 has become an uncontestable presumption that all fault lies with a defendant. There are too many reasons why such is not always the case; and what is not always so may not be irrebuttable when a penalty follows.

*Craig*, 512 Pa. at 65, 515 A.2d at 1353. The court therefore set up a new procedure for assessing delay damages "for all cases now pending in the courts of this Commonwealth, and for any cases instituted thereafter." *Id.* The Supreme Court directed that:

claims for delay damages are to be presented by petition within five days of a jury verdict.... Within five days thereafter the respondent's answer shall be due. If the plaintiff's recovery resulted from a jury verdict, the judge may hold a hearing to resolve any factual disputes.... Thereafter a decision may be rendered, awarding or denying delay damages consistent with Pa.R.Civ.P. 238(a)(1).

*Id.*

The Supreme Court, in providing guidance to the fact finder on the delay damages issue, stated that:

In making a decision on plaintiff's entitlement to delay damages the mere length of time between the starting date and the verdict is not to be the sole criterion. The fact finder shall consider: the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors.

*Id.*

In instituting this new procedure, the Supreme Court stated that it was to be given prospective effect only, except that "in those cases where the issue has been preserved, the court before whom the case resides on or after this date is to resolve the issue in a manner *consistent with this opinion*." *Id.* (emphasis added).

■ In a footnote to our recent decision in *Morgan v. Monessen*, 513 Pa.Super. 86, 99 n. 5, 518 A.2d 1171, 1177 n. 5 (1986), we stated that to preserve the issue of awarding delay damages without fault, the attack must be based on "grounds that it offended due process by failing to provide a forum to assess fault for delay as held in *Craig*." We note that appellant GAF has preserved the issue of fault in awarding delay damages by claiming in both post-trial motions and its appellate brief that the delay damages awarded against it violate due process and equal protection of the laws. Therefore, according to *Morgan* the post-trial procedure adopted in *Craig* is applicable in the instant case.

After the *Craig* opinion was filed, the Hugheses motioned this Court to remand the case to the trial court for consideration of the effect of *Craig*. The motion was denied in a per curiam order, dated October 31, 1986. Since the issue has been preserved, and this case was before the Superior Court at the time of the *Craig* decision, the issue is properly before us now.

■ We find that, in this case, there were numerous delays during the course of the suit. The trial record was complicated by the ancillary action in bankruptcy. Thus, the trial court is in the best position to review this record for a determination of fault. We therefore remand this case to the trial court for an evidentiary hearing to determine the issue of fault so that the award of delay damages may be recalculated in accord with the guidelines set forth by the Supreme Court in *Craig*.

### B.

■ The plaintiffs have cross-filed an appeal on the issue of whether the delay damages should be calculated on the total verdict rather than on the molded portion of the verdict only. Plaintiffs cite the rationale of Rule 238, interpreted in *Laudenberger, supra,* as the reason for calculating delay damages on the total verdict.

Although the intent of Rule 238 is to encourage early settlements, we find it "unrealistic to require each defend-

318

ant to offer nearly the full amount of damages ultimately recovered in an action where the amount finally attributed to each defendant is only a percentage of the total." *Korn v. Consolidated Rail System,* 355 Pa.Super. 170, 174, 512 A.2d 1266, 1268 (1986) (citing *Richardson v. LaBuz,* 81 Pa.Cmwlth. 436, 458, 474 A.2d 1181, 1196 (1984)). Furthermore, this court finds that "it would be anomalous to award a plaintiff delay damages on money already received from the settling defendants." *Korn,* 355 Pa.Superior Ct. at 174, 512 A.2d at 1268 (citing *Rocco v. Johns-Manville Corp.,* 754 F.2d 110, 118 (3d Cir.1985)); *see also Baciotti v. Simmons,* 346 Pa.Super. 23, 498 A.2d 1351 (1985) (delay damages must be apportioned in the same manner in which the jury apportioned liability). The trial court properly awarded delay damages based upon only the molded portion of the verdict.

In summation, we affirm in part and reverse and remand in part. As to GAF's appeal, we affirm the trial court except that we remand for a computation of delay damages based upon the *Craig* decision. As for the Hugheses' cross-appeal concerning the delay damages based upon the molded verdict, we also affirm the trial court. Jurisdiction relinquished.