Richard J. WEBER and Rose
Marie Weber, his wife,

v.

GAF CORPORATION; Raymark Indus-
tries, Inc., the Celotex Corp., Successor
in Interest to Philip Carey Mfg. Co.,
Philip Carey Corp., Briggs Mfg. Co. and
or Panacon Corp., Keene Building Prod-
ucts Corp., Eagle Picher Industries, Inc.,
Forty Eight Insulations, Inc. and Ow-
ens–Corning Fiberglas, CC

v.

PITTSBURGH–CORNING   CORP.   and
Rock Wool Manufacturing Co., and the
Manville Corporation Asbestos Disease
Compensation Fund,

Richard J. Weber, Appellant.

No. 90–3597.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on July 12, 1993.

Amended Opinion Decided Jan. 21, 1994.

Tybe A. Brett, David P. Chervenick,
Henderson & Goldberg, Pittsburgh, PA, for
appellant Richard J. Weber.

Richard E. Rush, Templeton Smith, Jr.,
Thomson, Rhodes & Cowie, Pittsburgh, PA,
for appellee Celotex Corp.

Before: SLOVITER, Chief Judge, and
NYGAARD and SEITZ, Circuit Judges.

## ORDER VACATING PRIOR OPINION

It is ordered that the opinion and judg-
ment entered on January 11, 1994 be vacated
and amended as reflected in the attached
opinion.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

This appeal requires us to determine whether, viewed through the prism of the Pennsylvania Supreme Court, a tort plaintiff who settled before trial with some defendants for an amount greater than the ultimate verdict may nevertheless receive delay damages under Pennsylvania Rule of Civil Procedure 238 from a defendant who offered no settlement. The district court concluded that he could not and denied delay damages. We will reverse.

### I.

Richard J. Weber and his wife, Rose Marie Weber, brought this diversity action against seven defendants to recover for Richard Weber's asbestos-related personal injuries. All defendants except Celotex Corporation settled with the Webers before trial; none admitted liability. A jury returned a $9,450.00 verdict in Richard Weber's favor. Although the six settling defendants appeared on the verdict sheet as defendants, the jury found only Celotex liable.

Weber moved for delay damages from Celotex. Because he had received more than the verdict amount in the six settlements, the district court denied the motion, concluding that under *Rocco v. Johns–Manville Corp.*, 754 F.2d 110, 118 (3d Cir.1985), these settlements made Weber ineligible for delay damages.

### II.

The district court had jurisdiction over this action under 28 U.S.C. § 1332(a), and we have jurisdiction over the appeal under 28 U.S.C. § 1291. We conduct a plenary review of the district court's legal determination that Weber was not entitled to delay damages.

### III.

■ Under Pennsylvania Rule of Civil Procedure 238, a prevailing plaintiff in a Pennsylvania tort action may receive what amounts to prejudgment interest on a compensatory damage award. *See Rosen v.*

*Rucker,* 905 F.2d 702, 704 (3d Cir.1990). Primarily, the rule serves to encourage early settlement, thereby reducing court congestion. *Barris v. Bob's Drag Chutes & Safety Equip., Inc.,* 717 F.2d 52, 56 (3d Cir.1983); *Laudenberger v. Port Auth. of Allegheny County,* 496 Pa. 52, 436 A.2d 147, 151 (1981). Secondarily, the rule serves to compensate plaintiffs for the delay in receiving the money to which they are entitled. *Rocco v. Johns–Manville Corp.,* 754 F.2d 110, 118 (3d Cir. 1985); *Laudenberger,* 436 A.2d at 151.

Delay damages are added "to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff...." Pa.R.Civ.P. 238(a)(1). They generally are awarded for the period from a specified date early in the litigation until the date of the verdict. Pa. R.Civ.P. 238(a)(2). If, however, "the defendant has made a written [settlement] offer ..., which offer was not accepted and the plaintiff did not recover ... more than 125 percent" of the offer, the period of time after the offer is excluded from the period on which delay damages are assessed. Pa. R.Civ.P. 238(b). Any period of delay of the trial caused by the plaintiff is also excluded from the period on which delay damages are assessed. *Id.*

Celotex offered no settlement to Weber and does not contend that he caused any delay. From the plain language of the rule, the result in this case therefore seems clear: Celotex should be liable for delay damages. Celotex nonetheless argues, and the district court found, that because Weber received settlements from the other defendants that amounted to more than the verdict, he is not entitled to delay damages at all. We disagree.

■ The reliance by Celotex and the district court on *Rocco v. Johns–Manville Corp.,* 754 F.2d 110 (3d Cir.1985), is misplaced. The issue in *Rocco* was the calculation, not the appropriateness, of delay damages. We held that delay damages, if proper, must be determined from the defendant's pro rata share of the verdict, not the entire verdict amount. *Id.* at 118; *accord Hughes v. GAF Corp.,* 364 Pa.Super. 311, 528 A.2d 173, 176–77 (1987); *Korn v. Consolidated*

*Rail Corp.*, 355 Pa.Super. 170, 512 A.2d 1266, 1268–69 (1986). Thus, the statement on which the district court relied—that we understood Rule 238 to mean that "if a plaintiff has accepted an offer of at least eighty percent of the ultimate verdict, he is not eligible for delay damages"—is dictum. Taken out of context, it also is incomplete. We made clear in *Rocco* that the settlements relevant to the eighty percent rule are those from "settling joint tortfeasors," *Rocco*, 754 F.2d at 118, not those from settling defendants who, like the six settling defendants here, neither admitted liability nor were adjudicated liable.[1]

However, even if the settling defendants in this case had conceded liability or had been found liable, we would conclude that their settlements, although amounting to more than eighty percent of Weber's verdict, cannot immunize Celotex from Rule 238 delay damages. Although we did indicate otherwise in *Rocco*, our interpretation was based on Rule 238's old language that

> if *a defendant* at any time prior to trial makes a written offer of settlement ... but the offer is not accepted and the plaintiff does not recover ... more than 125 percent of the offer, the court ... shall not award damages for delay for the period after the date the offer was made.

*Rocco*, 754 F.2d at 117 n. 8 (emphasis added). Indeed, the statement from *Rocco* cited by the district court was modified by our finding that, at that time, "[n]othing in the rule specifie[d] whether that amount must be received from one or more defendants." *Id.* at 118. Rule 238 now reads "the defendant" rather than "a defendant." Accordingly, our indication in *Rocco* that a plaintiff becomes ineligible for delay damages from 'a non-settling joint tortfeasor simply by accepting settlements of at least eighty percent of the verdict from other joint tortfeasors is not a correct statement of the rule.

██ We recognize that the Superior Court of Pennsylvania, despite Rule 238's amendment, holds to the view that delay damage liability for any joint tortfeasor ends when another joint tortfeasor settles for an amount greater than the ultimate verdict. *Walton v. Avco Corp.*, 383 Pa.Super. 518, 557 A.2d 372, 388–89 (1989).[2] The plain language of the new rule, however, throws considerable doubt on the logic of the Superior Court, and we cannot conclude that the Supreme Court of Pennsylvania would ultimately follow it. In our view, the Superior Court's conclusion is linguistically incompatible with the plain language of the rule. Inasmuch as our role in diversity cases is to predict what the Supreme Court of the state would decide, we are not bound to follow the Superior Court's lead in these circumstances. *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 113 (3d Cir.1992) (we need only rely on the decisions of state intermediate appellate courts when we find them persuasive). Moreover, *Baciotti v. Simmons*, 346 Pa.Super. 23, 498 A.2d 1351 (1985), the case on which the Superior Court relied, actually does not support its view. The *Baciotti* court held that a non-settling joint tortfeasor's liability for delay damages terminated on the date the plaintiff settled with another joint tortfeasor for over 80 percent of the verdict amount. This holding, however, was based on the fact that, unlike Celotex, the non-settling joint tortfeasor had made a settlement offer, which the plaintiff rejected, that was greater than the ultimate verdict returned against it. *Baciotti*, 498 A.2d at 1355.

We predict that the Pennsylvania Supreme Court would view insulating Celotex from delay damages based on its co-defendants' settlements as logically incompatible with Rule 238's primary purpose. To allow a non-settling defendant to escape liability for delay damages based upon the settlements of others would invite defendants to follow a "wait and see" strategy, rather than encourage them to make reasonable offers. *Cf. Charles v. Giant Eagle Markets*, 513 Pa. 474, 522 A.2d 1, 2–3 (1987) (reducing a non-settling tortfeasor's portion of the judgment

---

1. This conclusion is consistent with the Pennsylvania rule that, for purposes of contribution or pro rata reduction of a verdict, amounts paid by a settling defendant who is not a joint tortfeasor are not deducted from the recovery against a non-settling tortfeasor. *See Rocco*, 754 F.2d at 114–15.

2. The Supreme Court of Pennsylvania reversed the Superior Court on other grounds without addressing this question. *Walton v. Avco Corp.*, 530 Pa. 568, 610 A.2d 454, 457 n. 3 (1992).

because a settling tortfeasor paid more than its share would defeat Pennsylvania's "strong policy in favor of settlement").

Such a result would also defeat the rule's secondary aim. The jury found Celotex alone to be responsible for Weber's injuries. The settling defendants were not adjudged to be tortfeasors, and the money Weber received from them was not based on their liability, but rather money they "volunteered," *see Rocco,* 754 F.2d at 115, based on a business decision not to litigate. These settlements do not change the fact that Weber had to wait to receive the compensation due him, and should not affect his ability to recover damages for this delay.

■ Celotex argues that awarding delay damages in this case would be an unwarranted windfall to Weber. We once again disagree. As we have noted, the verdict against Celotex compensates Weber for the injuries he suffered, but only the delay damages will compensate him for the time he was forced to await the verdict. Indeed, adopting Celotex's position that its co-defendants' settlements render Weber ineligible for Rule 238 damages would afford it a windfall because, but for those settlements, it would have to pay. Faced with a similar situation under the Pennsylvania Comparative Negligence Act, the Supreme Court of Pennsylvania favored the plaintiff. In *Charles v. Giant Eagle Markets,* 513 Pa. 474, 522 A.2d 1 (1987), the Pennsylvania Supreme Court held that a non-settling joint tortfeasor is liable for its full pro rata share of the verdict regardless of whether a settling joint tortfeasor paid more than its pro rata share. The court remarked that

> [a]ppellees' concern over a windfall to the plaintiff, if appellee were required to pay its full pro rata share, is far overshadowed by the injustice of the result they urge [and] the erosion such a position would have upon a policy encouraging settlements. . . .

522 A.2d at 3. Clearly these considerations apply equally here and support the result we reach.

## IV.

In sum, we conclude that the district court erred by concluding delay damages against Celotex to be inappropriate because of settlements reached by its co-defendants. We will, therefore, reverse the district court's order denying delay damages and remand the cause to the district court for it to compute and award delay damages to the appellant.

Theophilus **CHRISTOPHER; Noel Coates; Emerson Thompson; Mignonette S. Weatherille; Catherine W. Pancho; Desree Wynter; Erald Anthony Clarke; Elsie Sandy; Dave Liburd; Heather Williams; Edward Richardson; Elmeda Simon; Avril Fraser; Burton Peterson; Sophia Leon; Loretta Scott; Ruthlyn Martin**