**Mai QUACH**

v.

**Albert A. FILIAGGI, Jr.**

**Civ. A. No. 83–5030.**

United States District Court,
E.D. Pennsylvania.

May 28, 1985.

Thomas J. Mallon, Freehold, N.J., Neil Hoffman, Philadelphia, Pa., for plaintiff.

John McNamara, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is plaintiff's motion to mold the verdict so as to award her $1,500.00 prejudgment interest. For the reasons stated herein, the court will grant, in part, plaintiff's motion and will enter judgment in favor of plaintiff and against defendant in the amount of $953.42.

### FACTS

This diversity action was commenced in the United States District Court for the Central District of California on April 5, 1983, and was transferred 196 days later to the United States District Court for the Eastern District of Pennsylvania on October 17, 1983. On March 14, 1984, 149 days later, the case was dismissed for lack of prosecution. On November 20, 1984, the court's Order dismissing the action for lack of prosecution was vacated, and the action reinstated.[1] One hundred six (106) days later, on March 6, 1975, an arbitration panel ruled in favor of defendant and against plaintiff. Plaintiff appealed the arbitration award on April 5, 1985, and 13 days later, on April 18, 1985, the court held that defendant was liable to plaintiff in the amount of $7,500.00.

### DISCUSSION

Prejudgment interest delay damages are authorized by Pennsylvania Rule of Civil Procedure 238 ("Rule 238"). Rule 238 provides in pertinent part:

---

1. As a condition of reinstatement, the court assessed against plaintiff defendant's costs. This

(a) ... in an action seeking monetary relief for bodily injury, death, or property damage, or any combination thereof, the court ... shall (1) add to the amount of compensatory damages ... in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the ... decision; (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the ... decision.

. . . . .

(c) ... damages for delay shall be added to the ... decision against all defendants found liable, no matter when joined in the action.

42 Pa.Cons.Stat.Ann. § 238.

Plaintiff seeks to recover prejudgment interest calculated from the date on which the action was filed in the Central District of California until the date on which judgment was entered by this court. Defendant argues that prejudgment interest should only be awarded for the following time periods: from the date on which the case was docketed in the Eastern District of Pennsylvania until it was dismissed for lack of prosecution, from the date on which the suit was reinstated until the date of arbitration award, and the date of plaintiff's appeal to the date on which judgment was entered. In other words, defendant argues that prejudgment interest should not be awarded (1) before the lawsuit was first docketed in this jurisdiction, (2) during that period of time following the initial dismissal of this lawsuit until its reinstatement, and (3) during that period following the entry of the arbitration award in defendant's favor and the docketing of plaintiff's appeal.

■ The purpose of Rule 238 in "placing damages for delay against a defendant who

---

award to defendant was not damages for delay.

does not extend a reasonable offer is to reduce congestion by encouraging early settlements." *Barris v. Bob's Drag Chutes & Safety Equipment,* 717 F.2d 52, 56 (3d Cir.1983), quoting *Salat v. Western Pennsylvania Hospital,* 13 Pa.D. & C.3d 82, 85 (1982) (Allegheny County, Wettick, J.). Prejudgment delay damages will not be awarded, however, where defendant ultimately prevails. Rule 238, therefore, is intended to prompt defendants to make settlement offers whenever the outcome of the case is "reasonably in doubt." 717 F.2d at 56.

During the period of time following the initial dismissal of this lawsuit until its reinstatement and during the period following the entry of the arbitration award in defendant's favor and the docketing of the plaintiff's appeal, the outcome of the case was not "reasonably in doubt." At those times, defendant had no incentive to offer to settle the action. The purpose of Rule 238 would not be furthered if the rule were applied. As a result, no prejudgment interest damages are available during these periods. *See Id.*

On the other hand, between the time this lawsuit was filed in the Central District of California and the time it was docketed here, defendant does not, in his response to plaintiff's present motion, dispute that the outcome was reasonably in doubt and defendant did have an incentive to initiate settlement. Defendant argues, instead, that Rule 238 should not apply prior to the time when the suit was docketed in the Eastern District of Pennsylvania. The court disagrees.

The time runs under the literal reading of Rule 238(c) from when plaintiff files his initial complaint against even defendants who are not joined as defendants in the initial complaint but who are joined in an amended complaint. Rule 238 is intended to prompt settlement offers after the filing of the initial complaint even by persons who are merely potential defendants. Similarly, the court believes it is likely that the Pennsylvania legislature also intended that Rule 238 operate broadly to promote settlement offers by defendants named in a lawsuit in the Central District of California who became defendants in the same lawsuit transferred to the Eastern District of Pennsylvania.

CONCLUSION

Accordingly, the court will award plaintiff prejudgment interest from the filing of the initial complaint in California until the lawsuit was dismissed for lack of prosecution, from the date on which the lawsuit was reinstated until the entry of the arbitration award, and from the date on which plaintiff's appeal from the arbitration award was docketed until the entry of the district court's judgment. Delay damages, which will be awarded with respect to this 464 day time period, will be $953.42.

An Appropriate Order will be entered.