556 A.2d 450

Clara SHERRILL, Appellee,

v.

PORT AUTHORITY OF ALLEGHENY COUNTY, a Municipal Corporation, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 12, 1988.

Filed March 28, 1989.

James R. Duffy, Pittsburgh, for appellant.
James B. Cole, Pittsburgh, for appellee.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

KELLY, Judge:

Appellant, Port Authority of Allegheny County, appeals from judgment entered on July 23, 1987, on the molded verdict dated July 14, 1987, which granted appellee delay damages pursuant to Pa.R.C.P. 238. For the reasons that follow, we vacate the trial court's order of July 14, 1987, and remand for proceedings consistent with this opinion.

The pertinent procedural history of this case is as follows. On February 15, 1980, appellee, Clara Sherrill, filed a complaint in trespass seeking recovery for injuries she sustained as a result of an accident between a Port Authority bus and a taxicab. At the time of the accident, appellee was a passenger on the bus.

Some time prior to trial, appellee's counsel made a settlement demand of $22,500.00. Immediately prior to trial, appellant made an oral offer to settle for $10,000.00 which

appellee refused. The case was tried, initially, in October of 1982, and resulted in a verdict in favor of appellee in the amount of $2,500.00. Timely post-trial motions were filed and denied. Judgment was thereafter entered on the verdict as molded by the trial court. Appellee subsequently appealed to this Court alleging an error in the trial court's charge with reference to the application of the $15,000.00 No–Fault Wage Loss Deduction. On February 15, 1985, a majority of a divided three judge panel of this Court, filed a Memorandum Opinion[1] and Order sustaining the appellee's objection to the trial court's charge, reversing the judgment, and remanding the case for a new trial on the issue of damages only.[2]

During the pendency of the appeal, appellee underwent surgery, on May 23, 1983, for a removal of a disc between L–4, L–5 vertabra, which had been injured in the accident. As a result of this surgery, appellee's known damages increased considerably. On May 20, 1983, appellant and appellant's counsel were advised by appellee's counsel of the impending surgery and further advised that all prior demands were withdrawn.

Prior to trial on remand, and as a result of the dramatic change in appellee's known damages, appellee's counsel made an oral demand of $175,000.00 which was reduced to

1. *Sherrill v. Port Authority of Allegheny*, 343 Pa.Super. 628, 494 A.2d 492 (1985).

2. The trial court gave the following instruction:

Members of the jury, I mentioned to you before that her insurance company is obligated to pay her $15,000 of her lost wages which she's not entitled to recover nor is her insurance company entitled to recover. So when you put together the figure for past loss of wages and future impairment of earning power, you will deduct from that $15,000. If the amount you have is in excess of $15,000, then of course you will add it to the other three items of damages. *The amount you will end up with after deducting $15,000, if it is less than $15,000, then you do not add those two items to the other items of damages.*

(N.T. 10/05/82 at 134–35) (emphasis added). On appeal, a majority of a divided three judge panel of this Court found the instruction as given was subject to an erroneous application. Because the majority could not determine whether the jury followed the correct interpretation of the instruction, it reversed and remanded.

$120,000.00 after the jury was chosen but prior to opening statements. No written offer of settlement was made by appellant. On December 3, 1986, the jury returned a verdict in favor of appellee in the amount of $72,536.00. Thereafter, appellee's counsel presented the trial court with a timely petition requesting delay damages and appellant filed a timely response thereto.

In lieu of an evidentiary hearing, the parties filed a Stipulation of Facts regarding appellee's claim for delay damages. Paragraphs thirteen and fourteen of the Stipulation of Facts provided:

13. No part of the passage of time between the filing of the complaint and the return of the verdict on December 3, 1986 was due to the fault of the plaintiff.

14. No part of the passage of time between the filing of the complaint and the return of the verdict on December 3, 1986 was due to the fault of the defendant.

(Stipulation of Facts at 3). On July 14, 1987, the trial court filed its opinion and order granting appellee delay damages in the amount of $32,154.31 for the period between the filing of the complaint and the jury verdict on December 3, 1986, excluding the period of time between the date the original verdict was entered and the date this Court remanded the matter for retrial.[3] This timely appeal followed.

On appeal, appellant raises the following issues:

I. Did the trial court deprive the defendant of its constitutional right to due process and equal protection of the law in awarding delay damages and molding the jury verdict to reflect the award of delay damages without a finding of fault on the part of the defendant causing the delay?

**3.** We note that delay damages were awarded on the verdict of $72,-536.00 for four years and one hundred fifty-eight days computed as follows: $72,536.00 at 10 percent per annum, equals $7,253.60 or $29,014.40 for four years and $7,253.60 per year divided by 365 days equals $19.72876 per day; this sum multiplied by one hundred fifty-eight days equals $3,139.91 for a combined total of $32,154.31.

II. Did the court err in failing to apply the mandates of the Supreme Court of Pennsylvania in suspending the mandatory award of delay damages and in awarding delay damages in the face of a record stipulation of fact that no part of the passage of time between the filing of the complaint and the return of the verdict on December 3, 1986 was due to the fault of either the plaintiff or the defendant?

III. Did the trial court deny the defendant due process and equal protection of the law in calculating delay damages from the date of filing of plaintiff's complaint and on the total jury verdict on retrial when those damages arose from a dramatic change, over which the defendant had no control, in plaintiff's physical condition and when the retrial was as a result of trial court error, over which the defendant had no control, on an unrelated issue of law?

(Appellant's Brief at 3).

## I. LIABILITY FOR DELAY DAMAGES

Appellant's first two issues on appeal address the same basic question, *i.e.* did the trial court err in awarding delay damages to appellee where there was no finding by the trial court that appellant was responsible for any delay and where the parties have stipulated that any delay encountered in litigating this case was not the fault of either party. For the reasons which follow, we find that an award of delay damages was appropriate.

While this case was pending before this Court, our Supreme Court promulgated the revised Rule 238, dated November 7, 1988, effective immediately. Subsection (f) of the rule provides that it "shall apply to actions pending on or after the effective date of this rule in which damages for delay have not been determined." Pa.R.Civ.P. 238(f). Since appellant's liability for delay damages had not been finally determined when the new rule became effective, revised Rule 238 governs this case. *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988)

*(en banc )*; *Miller v. Wise Business Forms, Inc.,* 381 Pa.Super. 236, 553 A.2d 443 (1989) *(en banc )*.

Revised Rule 238 subsection (b) provides:

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of:

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsible entity, and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages, for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff, or

(2) during which the plaintiff caused delay of the trial. Pa.R.C.P. 238(b).

A review of the Explanatory Comment reveals that the above provisions provide the only basis upon which a defendant may oppose a motion for delay damages. Pa.R.C.P. 238, Explanatory Comment. Accordingly, we conclude that where the defendant has not made a settlement offer in accordance with Rule 238(b)(1) and the plaintiff is not responsible for any of the delay, the defendant is liable for delay damages. *Miller v. Wise Business Forms, Inc.,* supra.

In the instant case, no written offer of settlement was made. Moreover, both parties stipulated that the plaintiff was not responsible for any delay encountered in litigating this case. As such, an award of delay damages in this case was appropriate. Pa.R.C.P. 238. *See Miller, supra.*

## II. CALCULATION OF DELAY DAMAGES

Appellant contends that the trial court denied it due process of law and equal protection in calculating delay damages from the date of filing plaintiff's complaint and on the total jury award of $72,536.00 on retrial. Appellant maintains that appellee's damages arose from a dramatic change in her condition after the original verdict was entered in October, 1982. As a result, appellant asserts, it was incapable of making an adequate offer of settlement prior to the first trial when the adequacy is measured against the total award. Thus, appellant argues the award should not include delay damages for the period between the filing of the complaint and the first verdict.

Review of the record in this matter reveals that the course and history of this particular case is quite unique. As the record discloses, prior to the first trial, appellee made a demand of $22,500.00 which we assume was based upon appellee's best assessment of the settlement value of this case. Appellant countered with a oral offer of $10,-000.00 which appellee declined to accept. As a result, the matter proceeded to trial. The jury returned a verdict in favor of appellee and awarded her $2,500.00 in damages. Appellee exercised her right to appeal and successfully argued that the trial court's instruction on damages was erroneous. Thereafter, the matter was remanded, by this Court, to the trial court for a new trial on damages.

However, subsequent to the first trial, appellee underwent surgery. As a result, her damages increased significantly which was reflected in the $70,000.00 increase in the jury verdict on retrial. Because no written offer of settlement was made, delay damages were assessed against appellant.

What makes this case so problematic is that in calculating delay damages for the period between the filing of the complaint and the entry of the first verdict, the trial court computed the amount by using $72,536.00 rather than using the amount of appellee's damages which existed at that time. Thus, appellant was essentially assessed delay dam-

ages for failing to make a "reasonable" settlement offer, with reasonableness being determined by comparison of the amount offered and the second verdict of $72,536.00 which reflects the dramatic increase in appellee's damages after the first trial. Therefore, the question we need to decide is whether our Supreme Court intended to impose delay damages to be calculated based upon the amount of the verdict on retrial, or whether damages should be calculated for the period from the filing of the complaint to the entry of the first verdict based on the damages reasonably ascertainable at that time.

### A.   Revised Rule 238

We look first to the statute itself. The relevant subsection of revised Rule 238 provide as follows:

(2) Damages for delay shall be awarded for the period of time.

(i) in an action commenced before August 1, 1989, from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision; or

\*      \*      \*      \*      \*      \*

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsible entity, and continued that offer in effect for the least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff; or

(2) during which the plaintiff caused delay of the trial. Revised Pa.R.C.P. 238

Although the rule excuses defendants from paying delay damages only in a limited number of situations, all of which are enumerated in the rule, the clear language does not indicate how it applies to the unique circumstances of this case. Specifically, the rule is silent on the matter of defendants who are incapable of making an offer of settlement sufficient to toll the running of interest because the full extent of the plaintiff's injuries were unknown until well after the original verdict was entered. Because the words of the rule are not "clear and free from ambiguity," we must resolve the issue by ascertaining the intent of the Supreme Court in promulgating Rule 238. *See* Pa.R.C.P. 127(c). Though this is a case of first impression under the revised rule, the Explanatory Comment to the revised rule notes that except where the rule specifies or clearly implies to the contrary, prior case law under the rule will be applicable to practice under the revised rule. Hence, we look to the case law construing the former rule to resolve appellant's claim.

### B. Pennsylvania Supreme Court Decisions

Shortly after the implementation of Rule 238, its constitutionality was challenged in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), on the grounds that our Supreme Court exceeded its rule-making authority in promulgating Rule 238, and that Rule 238 violated both equal protection and substantive due process under the Pennsylvania Constitution and the United States Constitution.

In upholding the constitutionality of Rule 238, vis-a-vis the Pennsylvania Supreme Court's power to adopt it, the Court acknowledged that the Pennsylvania Constitution granted it exclusive power to promulgate rules of procedure but only where the rules "neither abridge, enlarge nor modify the substantive rights of any litigant...." Pa. Const. Art. V § 10(c). Thus, the Court was faced with the

arduous task of determining whether Rule 238 was procedural or substantive.

In order to properly characterize the nature of Rule 238, the Court began its analysis by determining the purpose for promulgating Rule 238. The Court noted:

In September, 1978, the Civil Procedural Rules Committee proposed Rule 238 to this Court for its review and promulgation. In the accompanying explanatory comments, the Committee stated:

The judicial system has long been vexed by the problem of congestion and delay in the disposition of civil actions for bodily injury, death or property damages pending in the trial courts. Various techniques, such as compulsory arbitration, have helped to dispose promptly of the bulk of such cases in amounts under $10,000 in Philadelphia and Allegheny Counties and under $5,000 in other counties which have adopted compulsory arbitration. Nevertheless, there is still a considerable residue of so-called major cases not presently subject to arbitration. There are also the appeals from arbitration which require further proceedings in the trial court.

Statistics show that ... [t]hirty-eight percent are settled without going to trial. Some are settled through pretrial conciliation techniques, but in too many cases meaningful negotiations commence only after a trial date is fixed or on the courthouse steps or in the courtroom, thus leading to delay in the disposition of cases and congestion in the courts. The present practice provides no incentive for early settlement.

In the usual civil action for bodily injury, death or property damage there is no compensation to the successful plaintiff and no sanction against the defendant for the long delay between commencement of the action and the trial.

8 *Pa. Bulletin* 2668 (1978). These explanatory notes have not been officially adopted or promulgated by this Court, nor do they constitute part of the rule. However,

they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted. 436 A.2d at 150–151. The Court accepted as the underlying purpose of Rule 238 the expedition of cases through the court system by promoting early settlement.

Next, the Court reviewed the language of the rule itself. The Court concluded that by including a provision which tolls the running of interest where the verdict does not exceed the offer by twenty-five percent, the prominent goal of the rule is to foster early settlements, thereby reducing the congestion in the trial courts. 436 A.2d at 151. Although the Court conceded that "[u]ndeniably, this rules serves to compensate the plaintiff for the inability to utilize funds rightfully due him ..." it placed great emphasis on the fact that "... the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts." 436 A.2d at 151. Thus, the Court concluded that Rule 238 is properly characterized as being procedural noting:

Undeniably, Rule 238 embodies both procedural and substantive elements. Its purpose and effect are procedural, yet its performance will touch upon substantive rights of both parties. However, the fact that a rule does involve the substantive rights of litigants should not mean that the rule is an inappropriate topic for Supreme Court rule-making. Most rules of procedure will eventually reverberate to the substantive rights and duties of those involved. We therefore must agree with our brethren in New Jersey that:

an absolute prohibition against rules which merely affect substantive rights or liabilities, however slight such effect may be, would seriously cripple the authority and concomitant responsibility which have been given to the Court by the Constitution.

*State v. Leonardis*, 73 N.J. 360, 375 A.2d 607, 614 (1977). *See also Fehrenbach v. Fehrenbach*, 42 Wis.2d 410, 167 N.W.2d 218 (1969). We certainly do not intend to, and

will not, promulgate rules in contravention of the constitutional prohibition against abridging, enlarging or modifying substantive rights. However, to interpret this provision too narrowly effects an equally offensive circumscription of our constitutional duties. As we have stated previously, the legislature is forbidden to act in the field of procedure; we are bound to do so by the terms of our authority. This Court should not be prevented from exercising its duty to resolve procedural questions merely because of a collateral effect on a substantive right. Clearly, Rule 238, when viewed from the perspective of its purpose and goal, contributes to the orderly and efficient administration of justice in Pennsylvania, and must stand.

436 A.2d at 155. As such, the Court concluded it did not exceed its rule-making authority in promulgating Rule 238.

The Court reasserted this conclusion in responding to both equal protection and due process requirements. In its equal protection analysis, the Court rejected the argument used by the trial court that it must have discretion to assess fault for delay to make the rule constitutionally sound. The Court observed that the parties were not similarly situated. This conclusion was based upon the premise that there is a deliberate, profitable delay on the part of tortfeasors. The Court reasoned that disparate treatment resulting from adding delay damages without discretion to all judgments where the defendant had not made a settlement offer pursuant to Rule 238(e) bears a fair and substantial relation to the rule's articulated goal—"to encourage early activity on the part of the defendants to resolve legitimate claims in an expeditious fashion and deprives them of the opportunity to benefit from needless delays and last minute settlements." 436 A.2d at 156. The Court also rejected the argument that delay damages are improperly assessed where the plaintiff causes the delay noting that a defendant can always protect himself from the assessment of prejudgment interest by extending a reasonable settlement offer in a timely manner.

As to the substantive due process challenge, the Court held that the rule serves the purpose intended, and that purpose, "the efficacious attempt to clear the dockets as soon as possible of those cases which can and should be settled is a legitimate and worthwhile governmental objective." 436 A.2d at 157. In so holding, the Court noted that the defendants,

[m]isstate the aim of the rule by concentrating their attention on one by-product of the rule. It is true that Rule 238 does disgorge profit on funds placed in reserve by insurance companies for upcoming trials. However, while some defendants may in fact be uninsured, they have nonetheless caused the loss to the plaintiffs by their tortious conduct and owe compensation to their victims. Uniformly, the plaintiffs are the parties prejudiced by the long litigation process; whether the defendants are insured or uninsured does not lessen their loss. The only thing which reduces a plaintiff's loss is an early settlement of his damages. Rule 238 therefore must be viewed as comporting with the constitutional requirements of both equal protection and substantive due process.

436 A.2d at 157.

In *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), our Supreme Court accepted an invitation to reexamine the application of Rule 238 based on the experiences encountered during the five years since *Laudenberger* had been decided. In *Craig*, as in *Laudenberger*, the defendant challenged Rule 238 on grounds of equal protection, due process, and the contention that our Supreme Court slipped, under procedural cover, into definitive substantive law.

The Court began its analysis with the following observation of its decision in *Laudenberger:*

The *Laudenberger* Court accepted as an underlying reason for the Rule that there was deliberate, profitable delay on the part of tortfeasors. If one accepts that a refusal to settle is always prompted by such motives, then no wrong is done a wrongdoer, and the rationale of

*Laudenberger* would have settled the argument presented for then and always.

515 A.2d at 1352. However, the Court recognized that the delay is not always attributable to the defendant, *i.e.* profit delay. The plaintiff may, as in the case before it, be responsible for the delay in getting the case to trial, thus contributing to the congestion in our trial court system which is the precise problem Rule 238 sought to alleviate.

The argument that a defendant's failure to make a settlement offer sufficient to toll the accumulation of delay damages under Rule 238(e), is, of itself, adequate grounds for finding fault was expressly rejected by the *Craig* Court. It appears that the *Craig* Court did not accept profit as the sole motive for delay and therefore concluded that the rationale of *Laudenberger* did not settle the argument 'for then and always.'

As to the aspect of this approach which tends to assess delay damages against a party not because that party is at fault, but because the other party is not at fault, the Court stated:

> *There is no point in contending that a procedural rule may exist that punishes without fault, and is yet consistent with Due Process. Neither is there point in arguing that a procedural rule that punishes a defendant qua defendant does not smack of a substantive enlargement of duties owed.* We do not overrule the rationales of *Laudenberger,* for they have vitality of their own in the context of the ends sought. We today suspend the Rule because experience shows that the ends sought run too tight a gauntlet through Due Process, by denial of a forum to assess fault for the delay sought to be avoided. *In short, Rule 238 has become an uncontestable presumption that all fault lies with a defendant. There are too many reasons why such is not always the case; and what is not always so may not be irrebuttable when a penalty follows.*

515 A.2d at 1353 (emphasis added). Thus, for Rule 238 to continue to enjoy a clear constitutional bill of health, it

cannot be seen to punish a party without a finding that that party has acted culpably.[4]

Based upon our reading of *Laudenberger* and *Craig*, we observe that Rule 238 has withstood constitutional challenge because the rule as promulgated is responsive to the Court's fundamental goal of prompting meaningful negotiations and early settlements so as to unclutter the courts. Although a by-product of this rule is the creation of a substantive right in the form of prejudgment interest, that fact alone does not render the rule unconstitutional. However, it is clear that this incidental right cannot be proffered as the sole justification for the award of delay damages. As Justice Hutchinson noted in his concurring opinion in *Craig*, "a salutory goal is not enough to override basic constitutional restraints." *Craig, supra,* 515 A.2d at 1355 (Hutchinson, J., concurring). Such a substantive enlargement of a party's rights by a Court generated rule would render the rule unconstitutional under the Pennsylvania Constitution. *See* Pa. Const. Art. V § 10(c). Therefore, we conclude to avoid constitutional challenge Rule 238 must be applied in a manner that promotes its intended objective.

Thus, the question to be resolved is whether our Supreme Court in promulgating Rule 238 intended to hold a defendant accountable for delay damages on the full amount of the second verdict for the time period between the date the complaint was filed and the date the first verdict was entered, when appellant was incapable of making a reasonable offer of settlement which would have been within 125

4. In place of Rule 238, and until a new rule was promulgated, *Craig* directed that claims for delay damages were to be presented by petition within five days of the verdict or arbitration award; the opposing party would then have five days to respond. If the verdict arose from a jury trial, the trial judge would consider the opposing petition and answer, and order an evidentiary hearing if necessary to resolve issues of fact before rendering a decision. In making a decision on a plaintiff's entitlement to delay damages, the *Craig* Court instructed the trial court to consider: the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors. 515 A.2d at 1353.

percent of the second verdict.[5] Specifically, we must determine whether, by adopting such an approach, we would be fostering the clear cut goal of Rule 238 of promoting early settlement.

### C. Pennsylvania Appellate Court Decisions

Following the decision in *Laudenberger*, this Court was called upon to consider, in *Berry v. Anderson*, 348 Pa.Super. 618, 502 A.2d 717 (1986) (*en banc*); *Hawthorne v. Dravo Corp. Keystone Division*, 352 Pa.Super. 359, 508 A.2d 298 (1986); and *Hughes v. GAF Corporation*, 364 Pa.Super. 311, 528 A.2d 173 (1987), whether delay damages are appropriate where imposition of Rule 238 does not foster its goal of reducing congestion in our trial courts by encouraging early settlements. Although this particular claim does not fall squarely within the facts presented in these cases, we find them sufficiently analogous to come within their basic reasoning.

In *Berry*, this Court sitting *en banc*, considered "whether Rule 238's goal of encouraging reasonable settlement offers in the nascent stages of lawsuits is met by penalizing a party incapable of making a 'reasonable offer' as defined by the Rule." 502 A.2d at 720. In *Berry*, the amount which defendant Anderson would have had to offer to avoid delay damages was 1.6 million dollars (with prompt cash payment). The amount of the offer was $100,000.00 which defendant Anderson asserted constituted the full extent of her resources.

The Court *en banc*, refused to allow the assessment of delay damages against a defendant when it was shown that, financially, the defendant was not in a position to make a more substantial offer. 502 A.2d at 722. The Court reasoned that it would require a "brutal disregard for an individual's special circumstances" to force a defendant to offer more than he can pay in order to escape the penalty of

5. At this juncture we are only considering the calculation of delay damages for the period of time between the date the complaint was filed and the date the first verdict was entered.

delay damages. 502 A.2d at 720. "Punishing a person for failing to do that which he is incapable portends an impossibility for that person and an unreasonable result, both of which violate Rule of Construction 128." 502 A.2d at 721. Thus, the Court *en banc* held:

> To avoid demanding the impossible, then, we must first discern a defendant's ability to make an offer that would have been sufficient to stay the operation of Rule 238. Such a determination will not only yield more equitable results, it will also permit the application of Rule 238 under circumstances in which the Supreme Court intended it to apply: to a defendant with sufficient assets to offer a reasonable settlement figure, but who, for whatever reason, chose not to make such an offer. The true purpose of the Rule will then be executed. *'It is fundamental that a rule of law should not be applied where its application fails to serve the purpose for which it was designed.' Commonwealth v. Beatty*, 500 Pa. 284, 291, 455 A.2d 1194, 1198 (1983). We hold that a plaintiff shall not be awarded damages for delay pursuant to Pa.R.C.P. 238 after the date of the defendant's offer when the court determines that, because of the defendant's indigency, the offer was the full amount available for payment of the plaintiff's claim and it was impossible for the defendant to have offered more.

502 A.2d at 721–22 (emphasis added). *See also Mecca v. Lukasik*, 366 Pa.Super. 149, 530 A.2d 1334 (1987) (remand required for evidentiary hearing to determine financial status and ability of defendant to pay, so propriety of delay damages could be assessed); *Shellhamer v. Grey*, 359 Pa.Super. 499, 519 A.2d 462 (1986) (same).

In *Hawthorne, supra,* the trial court excluded from its calculation of the time period for which delay damages would be granted the period between the date on which the trial court entered a compulsory nonsuit in the defendant's favor, and the date on which this Court remanded for a new trial. On appeal, the plaintiff contended that the period was

improperly excluded. This Court held that the trial court correctly omitted this period of time from its computation of delay damages relying primarily on a decision by the Third Circuit Court of Appeals in *Barris v. Bob's Drag Chute & Safety Equipment,* 717 F.2d 52 (3rd Cir.1983). This Court explained:

> In *Barris v. Bob's Drag Chutes & Safety Equipment, Inc.,* 717 F.2d 52 (3d Cir.1983), the Court of Appeals for the Third Circuit was faced with a similar issue and concluded that Rule 238 should not be applied to the period of time from the date the district court directed a verdict in defendant's favor to the date the Court of Appeals ordered a new trial. The Court examined the purposes of Rule 238 and determined that the primary objective of the Rule is to encourage pre-trial settlements, thereby lessening congestion in the courts. *Id.* at 56. See: *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 59–60, 436 A.2d 147, 151 (1981); *Berry v. Anderson,* 348 Pa.Super. 618, 502 A.2d 717 (1986). In light of this purpose, the court reasoned:
>
>> So long as the ultimate outcome of the case is reasonably in doubt the rule operates as an incentive for the defendant to consider seriously settlement as an alternative to a stalwart defense. Once the defendant obtains a favorable final judgment from the trial court, however, he has a reasonable basis to believe that the ultimate outcome is considerably less problematic. The defendant will quite rightly refrain from initiating any settlement activity and the burden shifts to the plaintiff to perfect an appeal and to persuade the appellate court that reversible error occurred. At this point ... the operation of Rule 238 no longer serves its purpose and should not be applied.
>
> *Barris v. Bob's Drag Chutes & Safety Equipment, Inc.,* *supra* at 56–57.

508 A.2d at 308. Based on the foregoing, this Court held that the defendant was entitled to rely on the validity of the

compulsory nonsuit. Only after the nonsuit had been vacated and the case was remanded did the defense return to its original status of uncertainty making applicable the purpose of Rule 238. *See Beary v. Container General Corporation*, 368 Pa.Super. 61, 533 A.2d 716 (1987) (during the appeal period, the verdict winner is entitled to rely on the validity of the judgment and any delay during the appellate process is not a matter for the trial court to consider when assessing delay damages); *See also Quach v. Filiaggi*, 609 F.Supp. 847 (E.D. of Pa.1985) (same). As in *Berry*, the Court found that where the imposition of delay damages would not foster the basic aim of Rule 238 the assessment of delay damages was inappropriate.

Finally, in *Hughes v. GAF Corporation, supra*, the plaintiffs claimed that the damages should be calculated on the full amount of the verdict rather than only that portion of the molded verdict that the losing defendant is responsible. Plaintiffs cited the rationale of Rule 238, interpreted in *Laudenberger, supra*, as the reason for calculating delay damages on the total verdict. This Court disagreed and held that the trial court properly awarded delay damages based upon only the molded portion of the verdict reasoning.

Although the intent of Rule 238 is to encourage early settlements, we find it "unrealistic to require each defendant to offer nearly the full amount of damages ultimately recovered in an action where the amount finally attributed to each defendant is only a percentage of the total." *Korn v. Consolidated Rail System*, 355 Pa.Super. 170, 174, 512 A.2d 1266, 1268 (1986) (citing *Richardson v. LaBuz*, 81 Pa.Cmwlth. 436, 458, 474 A.2d 1181, 1196 (1984)). Furthermore, this court finds that "it would be anomalous to award a plaintiff delay damages on money already received from settling defendants." *Korn* [355 Pa.Super.] at 174, 512 A.2d at 1268 (citing *Rocco v. Johns–Manville Corp.*, 754 F.2d 110, 118 (3d Cir.1985)); see also *Baciotti v. Simmons*, 346 Pa.Super. 23, 498 A.2d

1351 (1985) (delay damages must be apportioned in the same manner in which the jury apportioned liability). 528 A.2d at 176–77.

Under the rule, "[d]efendants are given an opportunity to protect themselves from exposure to prejudgment interest by making a reasonable offer of settlement in good faith and in a timely fashion." *Baciotti v. Simmons*, 346 Pa.Super. 23, 28, 498 A.2d 1351, 1353 (1985); Pa.R.C.P. 238(b). However, a party who is sued can only be charged with a duty to make a fair settlement offer when it can be said that he has a full opportunity to wholly assess the claim against him. This would include, for example, in a bodily injury action a review of the injuries and the prognosis, work loss, verified and related expenses and an assessment of the evidence as it bears on liability. Due to the unique circumstances of this litigation, however, appellant was incapable of wholly assessing the claim against it because the full extent of appellee's injuries were unknown and unforeseeable prior to the first trial.

### D. Application

In promulgating Rule 238, our Supreme Court intended to penalize defendants who make no offer at all and those who make inadequate offers, with inadequacy measured by comparison of the offered amount with the actual verdict and allowing up to 25 percent error in estimating the value of the claim. *Mecca v. Lukasik, supra.* In this case, appellant made an oral offer of $10,000.00 before the first trial and no offer was made prior to the second trial. Therefore, following the Rule in blind fashion, delay damages calculated upon the total verdict of $72,536.00 would automatically be awarded. In the instant case, however, the adequacy of any offer made would have been measured by comparison of the offered amount with the second verdict rather than the actual amount of appellee's damages which existed at the time. Certainly, for the period between the date the complaint was filed and the date the

first verdict was entered, appellee's ascertainable damages were not worth $72,536.00. On the contrary, the value of appellee's claim increased significantly only after the first trial had been completed. To assess delay damages in that manner would unfairly penalize appellant. More importantly, such an approach would not foster the sole legitimate aim of Rule 238, as it would be capricious to have required appellant to offer 125 percent of the second verdict prior to the first trial where the full extent of appellee's subsequently greatly increased damages were unknown and unforeseeable at that time.

The only plausible justification which can be proffered for imposing delay damages on the total verdict is that the successful plaintiff in a tort action should be made whole through an award of prejudgment interest. As we stated previously, however, reimbursement of the plaintiff cannot serve as the purpose for the rule if its promulgation is to remain constitutional. The fundamental fairness of such a purpose cannot be accepted as the rationale for overriding the basic constitutional constraints. *Craig, supra* (Hutchinson, J., concurring). Thus, to hold defendant liable for damages for failing to make a reasonable settlement offer on damages which were unknown and unforeseeable, based upon the reasoning that the plaintiff is entitled to compensation for money which was wrongfully withheld by the defendant, would make Rule 238 substantive and thus unconstitutional under the Pennsylvania Constitution. Pa. Const. Art. V § 10(c). If such a rule is to be adopted in order to ensure full compensatory relief to plaintiffs, it must be adopted by the legislature as a substantive right created by statute, and not as a collateral benefit caused by a procedural rule promulgated by our Supreme Court.

Thus, we conclude that the trial court (understandably) misapplied Rule 238 in assessing delay damages on the full amount of the second verdict. We do not intend to preclude, however, any award of delay damages for the time between the filing of the complaint and the first verdict.

Because appellant's *oral* offer of $10,000.00 prior to the first trial was insufficient to toll the running of interest pursuant to revised Rule 238(b), appellee is entitled to an award of delay damages calculated upon the amount of her damages which existed at that time. Succinctly, we find that the award of delay damages recoverable for the period of time should be limited to those damages which were foreseeable at that juncture. Accordingly, we reject appellant's contention that no delay damages should be awarded from the date the complaint was filed up to the date this Court remanded the matter back for retrial.[6]

Based upon the record before us, however, we are unable to determine what appellee's damages actually were. Therefore, we are remanding the matter back to the trial court to conduct an evidentiary hearing. The purpose of this hearing is to determine what appellee would have recovered in terms of compensatory damages had the erroneous jury instruction, which necessitated a new trial, not been given. After the trial court has determined appellee's damages for that period, it shall calculate an appropriate award of delay damages using that figure, for the period between the date the complaint was filed and the date the first verdict was entered. This amount shall then be combined with the amount calculated for the period between the date this matter was remanded back to the trial court and the date of second verdict for an appropriate award of delay damages.[7]

6. Our decision is limited to the calculation of delay damages on the total verdict from the date the complaint was filed until the date the first verdict was entered. Because the full extent of appellee's injuries were known to appellant at the time this Court remanded the matter and appellant made no written offer of settlement, we find that the calculation of delay damages for the period between the date this Court remanded the matter for a new trial and date of the second verdict based upon the total verdict was appropriate.

7. We remind the trial court that pursuant to revised rule 238(a)(3), the award "shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published each calendar year for which the damages are awarded, plus one percent not compounded."

## CONCLUSION

While we find that an award of delay damages was appropriate in this case, we find that the trial court's calculation of the amount of the award was erroneous. Accordingly, we vacate the judgment entered on July 23, 1987, and remand for a hearing to be held in accordance with this opinion. Jurisdiction is relinquished.

TAMILIA, J., files a concurring statement.

TAMILIA, Judge, concurring:

I join the majority Opinion but feel it necessary to again voice my dissatisfaction with our en banc Court's decision in *Ceresini v. Valley View Trailer Park Ephrata Inc.*, 380 Pa.Super. 416, 552 A.2d 258 (1988). As I said in *Slater v. Pennsylvania Power Company*, 383 Pa.Super. 509, 557 A.2d 368 (1989):

> Although the delay damages had been determined in the *trial court* prior to the effective date of the new rule, our Court, in *Ceresini v. Valley View Trailer Park Ephrata Inc.*, 380 Pa.Super. 416, 552 A.2d 258 (1988), found "the Rule applies to all actions pending at the trial level, or on appeal, in which the issue of delay damages has been preserved and not finally determined." *Id.*, 380 Pa.Superior Ct. at 419, 552 A.2d at 259.
>
> While this holding is questionable in light of the explanatory comments to subdivision (f) of Rule 238 [1] (*see Ceresini*, dissenting opinion, Popovich, J.), we are bound by *Ceresini*, which treats this case as a *"pending case* on or after the effective date"* of the new rule.

[1]. The purpose of this provision is to indicate that the rule applies to pending as well as future actions but not to pending actions in which the damages for delay have been determined under the provisions and procedures of the *Craig* [512 Pa. 60, 515 A.2d 1350 (1986)] case. Once damages for delay have been determined under *Craig*, those proceedings are final and are not to be reopened under this rule.
Explanatory Comment to Pa.R.C.P. 238(f).