582 A.2d 1376

**Keith W. CRAIG and Joyce S. Craig, His Wife**

**v.**

**MAGEE MEMORIAL REHABILITATION CENTER and Marjorie Hosfeld, M.D.**

**Appeal of MAGEE MEMORIAL REHABILITATION CENTER.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1990.

Filed Dec. 7, 1990.

William F. Sullivan, Jr., Philadelphia, for appellant.

Arnold M. Kessler, Philadelphia, for appellees.

Before ROWLEY, McEWEN and CERCONE, JJ.

McEWEN, Judge:

Appellant, Magee Memorial, a defendant in this medical malpractice action, has taken this appeal from an order imposing delay damages entered by the trial court pursuant to an order of this Court. *Craig v. Magee Memorial Rehabilitation Center*, 386 Pa.Super. 656, 555 A.2d 945 (1988). Appellant, having successfully challenged the constitutionality of former Rule 238 in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), is now before this Court with a multi-faceted challenge to the revised Rule 238. We affirm.

The relevant procedural history of this case commenced when a jury rendered a verdict in favor of the Craigs on February 7, 1983, and against Magee Memorial Rehabilitation Center in the amount of $50,000 for injuries Mrs. Craig suffered as a result of medical malpractice. The trial court molded the verdict to reflect $16,450 in delay damages pursuant to Pa.R.C.P. 238, as Magee Memorial's offer was never within 80 percent of the verdict. Magee Memorial moved to amend the verdict to exclude any award of delay damages. The trial court denied the motion and this Court, on appeal, affirmed the award. *Craig v. Magee Memorial Rehabilitation Center*, 341 Pa.Super. 622, 491 A.2d 923 (1985). The Supreme Court granted allocatur and in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986) reversed and remanded to the trial court with specific instructions as to the manner of computation of delay damages pending promulgation of a new Rule 238.

The trial court, on remand from the Supreme Court, considered evidence concerning the delay for which plaintiff

had been responsible, and reassessed delay damages in the amount of $7,647 [1] against Magee Memorial. Magee again appealed and this Court, on December 28, 1988, in a memorandum decision, vacated the judgment and remanded the case to the trial court for a determination of delay damages in accordance with the revised Rule 238 which had become effective on November 7, 1988. *Craig v. Magee Memorial Rehabilitation Center*, 386 Pa.Super. 656, 555 A.2d 945 (1988). When the parties, upon remand, stipulated to the entry of a decision on the earlier record, the trial court entered an award of $11,608 using the interest rate provided by the revised rule.[2] Magee Memorial has undertaken the instant appeal from the revised award of delay damages.

■ Appellant initially contends that Rule 238, as revised, deprives a defendant of property without due process of law whenever the plaintiff's pre-trial demand is greater than the ultimate verdict. Appellant's argument, which focuses upon the reasonableness of the plaintiff's demand as opposed to the ultimate verdict, overlooks both the purpose and the operation of the Rule:

> A defendant's responsibility for the payment of delay damages is not contingent upon the parties reaching an amicable settlement agreement. A defendant is not subject to delay damages where the verdict, decision or award does not exceed his or her written offer by more than 125 percent. Rule 238(b)(1). The fact that a plaintiff refuses to make a demand reasonably close to the amount of the verdict and/or refused to accept a viable offer by the defendant is irrelevant to whether an adequate offer was actually made.

1. The trial court used the ten percent per annum interest rate provided by the original Rule 238 in accordance with the interim procedure outlined by the Supreme Court in its Craig decision.

2. The revised Rule 238(a)(3) provides that damages "shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calender year for which damages are awarded, plus one percent, not compounded".

*Schrock v. Albert Einstein Medical Center,* 386 Pa.Super. 215, 218–219, 562 A.2d 875, 876 (1989), *allo. granted,* 525 Pa. 616, 577 A.2d 888 (1990). *A priori,* a defendant is not penalized for the excessive demands of a plaintiff since the reasonableness of a plaintiff's demand has no bearing on the defendant's liability for delay damages. Damages are assessed if and only if the defendant's offer is not within 80% of the verdict. The defendant's written offer is "... the *sine qua non* to any tolling of the delay damage period, unless it is established that the plaintiff caused the delay". *Rosen v. Rucker,* 905 F.2d 702, 707 (3rd Cir.1990). Since the liability of a defendant for delay damages is based solely upon the amount of the offer and is not influenced in any manner by the demands of the plaintiff, the contention that a defendant's due process rights are violated where a plaintiff's settlement demands are unreasonably high is specious.[3]

▮ Appellant next argues that the Pennsylvania Supreme Court exceeded its rule-making authority when it

**3.** We would note that the cases upon which this argument is based are inapposite to the case *sub judice.* The statutes at issue in those cases exacted double damages and/or attorneys' fees for the failure of defendant/carriers to pay claims. The Supreme Court reasoned that such "extraordinary liability" made submission to excessive demands a preferable alternative and thus could constitute a taking of property without due process of law. *St. Louis I.M. & S.R. Co. v. Wynne,* 224 U.S. 354, 360, 32 S.Ct. 493, 494, 56 L.Ed. 799 (1912). *Accord: Chicago & N.W. Ry. Co. v. Nye–Schneider–Fowler Co.,* 260 U.S. 35, 47, 43 S.Ct. 55, 60, 67 L.Ed. 115 (1922); *Kansas City S.R. Co. v. Anderson,* 233 U.S. 325, 329, 34 S.Ct. 599, 600, 58 L.Ed. 983, (1914). The Supreme Court upheld more modest penalties in several contemporaneous cases where the statute in question "... merely provides a reasonable incentive for the prompt settlement, without suit, of just demands...." *Yazoo & Mississippi Valley R. Co. v. Jackson Vinegar Co.,* 226 U.S. 217, 219, 33 S.Ct. 40, 41, 57 L.Ed. 193 (1912). Counsel for the defendant carrier in Yazoo alleged that a statute which imposes a set penalty for failing to settle a claim for damages "equally penalizes the failure to accede to an excessive or extravagant claim.... regardless of whether, or how much the recovery falls short of the amount claimed". The Court in Yazoo discounted this contention. "It has not been penalized for failing to accede to an excessive or extravagant claim, but for failing to make a reasonably prompt settlement of a claim which, upon due inquiry, has been pronounced just in every respect". *Yazoo & Mississippi Valley R. Co. v. Jackson Vinegar Co., supra,* 226 U.S. at 219, 33 S.Ct. at 41. *Accord: Kansas City Southern Railway Co. v. Anderson, supra,* 233 U.S. at 329, 34 S.Ct. at 600.

promulgated a rule which purports to be procedural but is, in actuality, substantive. We need not fear to tread to consideration of this contention since our Supreme Court rejected this argument in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), when it held:

> "[The Rule's] purpose and effect are procedural, yet its performance will touch upon substantive rights of both parties. However, the fact that a rule does involve the substantive rights of litigants should not mean that this rule is an inappropriate topic for Supreme Court rule-making. Most rules of procedure will eventually reverberate to the substantive rights and duties of those involved".

*Id.*, 496 Pa. at 66, 436 A.2d at 155.[4] The Supreme Court when thereafter reexamining the rule in *Craig*, acknowledged the problems inherent in application of the rule and observed that there was "no point in arguing that a rule that punishes a defendant *qua* defendant does not smack of a substantive enlargement of duties owed". *Craig v. Magee Memorial Rehabilitation Center, supra*, 512 Pa. at 65, 515 A.2d at 1353. As a result, the Court suspended those portions of the Rule it found offensive, and provided for a more even-handed assessment of fault:

> "New Rule 238, which was promulgated to effectuate the *Craig* decision, provides it is the plaintiff's fault which must be determined before delay damages may be assessed; that fault should be subtracted from the overall delay in the trial and damages should be imposed upon defendants for the remaining period. The fault of the defendant—or lack thereof—is immaterial."

*Dietrich v. J.I. Case Co.*, 390 Pa.Super. 475, 489, 568 A.2d 1272, 1279 (1980). *Accord: King v. Southeastern Transportation Authority*, 383 Pa.Super. 420, 424–425, 557 A.2d

---

**4.** Appellant's repeated assertion that the Supreme Court in Craig "overruled" the Laudenberger decision is incorrect. The Explanatory Comment to the revised Rule 238, clearly states "the Court in Craig did *not* 'overrule the rationales of Laudenberger, for they have a vitality of their own in the context of the ends sought.'"

11, 13 (1989). This Court, in *Sherrill v. Port Authority of Allegheny County,* 383 Pa.Super. 104, 556 A.2d 450 (1989), observed that if the sole purpose of Rule 238 was to compensate a plaintiff for money wrongfully withheld by a defendant, the rule could properly be found to be substantive rather than procedural. However, as we stated in *Sherrill,* the rule has withstood repeated constitutional attack since it was "responsive to the Court's fundamental goal of prompting meaningful and early settlement so as to unclutter the courts." *Sherrill v. Port Authority of Allegheny County, supra,* 383 Pa.Superior Ct. at 119, 556 A.2d at 457–58. We concluded in *Sherrill* that if a rule so promulgated incidentally affected a substantive right, such an incidental effect alone would not render the rule unconstitutional. *See also: Dietrich v. J.I. Case, Co., supra,* 390 Pa.Super. at 488, 568 A.2d at 1278. We, therefore, must reject the argument that the Supreme Court exceeded its powers in promulgating Rule 238.

■ Appellant next argues that Rule 238 as revised is unconstitutional because it deprives a defendant of property without due process of law by creating an irrebuttable presumption that defendants are at fault in causing delays and by characterizing as reasonable only those offers which are greater than 80% of the verdict. While the Supreme Court found that the former Rule 238 did create "an uncontestable presumption that all fault lies with a defendant", *Craig v. Magee Memorial Rehabilitation Center, supra,* 512 Pa. at 65, 515 A.2d at 1333, the revised rule "creates no such irreversible presumption; in fact, it specifically provides that delay damages should not be awarded for that time for which plaintiff is responsible for delay or for which defendant has made a reasonable settlement offer." *Knight v. Tape, Inc.,* 1990 WL 97806 (E.D.Pa.; filed July 9, 1990). The argument of appellant, that defendants are wrongfully deprived of their property by the rule, is further flawed since the defendant may earn interest during the pendency of trial upon those monies ultimately determined to be owed to the plaintiff. *Shellhamer v. Grey,* 390

Pa.Super. 122, 128–129, 568 A.2d 224, 227–228 (1989). *Accord: Knight v. Tape, Inc., supra.*

Nor does the fact that delay caused by court congestion may not be subtracted from the period of delay chargeable against a defendant deprive a defendant of his or her property without due process of law "since the defendant has the ability to earn prejudgment interest upon the amount of the verdict, decision or award during the entire period that the plaintiff's claim is being litigated". *Shrock v. Albert Einstein Medical Center, supra,* 386 Pa.Super. at 220, 562 A.2d at 877. *Accord: Templin v. Hansford,* 737 F.Supp. 27, 30 (E.D.Pa.1990) ("It is not unreasonable or arbitrary to hold a defendant accountable for the delay inherent in the system in which he forces a plaintiff to seek redress when that defendant resists a legitimate claim and thereby enjoys the use of funds during the period of litigation which should have been used to satisfy that claim."); *Knight v. Tape, Inc., supra; Bullins v. City of Philadelphia,* 516 F.Supp. 728, 731 (E.D.Pa.1981) ("Plaintiffs are compensated only where the delay is caused by defendant's failure to make a reasonable settlement offer. The defendant, in contrast, suffers no wrong—the defendant is not the victim of a tort; delay deprives the defendant of no compensation owed by the plaintiff."). Thus, in the hopes of removing this incentive for defendants to delay a settlement or timely resolution of the matter and thereby unclog the court system, "the drafters of the revised rule 'have *not* allowed for the exclusion of periods of delay not caused by either party' ". *King v. Southeastern Pennsylvania Transportation Authority, supra,* 383 Pa.Super. at 424, 557 A.2d at 13, *quoting Miller v. Wise Business Forms, Inc.,* 381 Pa.Super. 236, 241, 553 A.2d 443, 446 (1989) (emphasis in original). *Accord: Shrock v. Albert Einstein Medical Center, supra,* 386 Pa.Super. at 220, 562 A.2d at 877.

Appellant, in its final argument, contends that the rule unduly inhibits defendants from exercising their constitutional right of access to the courts. We fail to comprehend

how the rule discourages a defendant from litigating claims when a defendant has the opportunity to earn interest on all monies which may ultimately be found to be owed to the plaintiff and is thereby able to insulate itself from such losses as are occasioned by an award of delay damages. Nor is the rate at which interest is to be calculated under the rule penal since it fluctuates with the market rates and mirrors the fluctuations in the interest being earned by the defendant. Since the revised rule provides for a variable rate of interest, and directs the trial court to conduct a hearing where a factual dispute exists as to responsibility for any portion of the delay, it is spurious to claim that the rule operates to deprive defendants of their constitutionally guaranteed access to the courts of Pennsylvania.

We, therefore, affirm the order of January 26, 1990.